## LITTLEDIKE v. WOOD.

No. 4317.   Decided March 23, 1927.   (255 P. 172.)

Clark, Richards & Bowen, of Salt Lake City, for appellant.

Jesse P. Rich, of Logan for respondent.

STRAUP, J.

This is an action brought to recover damages for an assault and battery. The case, as claimed by the appellant, grew out of a mutual combat between the respondent and the appellant. Respondent claimed both compensatory and punitive damages. The jury awarded him $2,500 compensatory but no punitive damages. The court overruled appellant's motion for a new trial on condition that the respondent remit $1,000 from the verdict and judgment. Such amount was remitted. The appellant appeals from the judgment.

The principal complaint is this: On the question of damages the court charged the jury that they had the right, and should take into consideration, among other things, "the time lost and that he will probably hereafter lose, if any, as may appear from the evidence, by reason of ■ and as the result of said injury." The point made is that there were no allegations or proof of loss of time or of earnings or of any impairment of earning capacity. It is claimed that such element is special damage and hence is required to be specially pleaded, which was not done; and if not special but recoverable under the description of the injury and the general ad damnum clause, that there was no evidence upon which to base a finding of any damage or loss in such regard. The matter was not specially pleaded. The injury, in the complaint, is described as follows: That

the appellant "struck the plaintiff in the mouth with his fist, and knocked two of his front teeth out and loosened a great many more, cut his lower lip and knocked him down, struck him over the eye, kicked or struck him in the side and broke three ribs, which punctured the left lung," and that as a result of the beating the respondent was forced to go to the hospital and remain there several weeks, and was greatly damaged in body and in mind and suffered pain, etc., and that he was permanently injured.

If loss of time or of earnings or impairment of earning capacity naturally and necessarily results from the injuries which are described and of the act complained of, evidence can be given of such loss without specially pleading it. *Atwood* v. *Utah Light & R. Co.*, 44 Utah, 366, 140 P. 137. Such a loss or impairment might not be implied as a natural and necessary result from the allegations that the respondent was struck in the mouth with such violence as to knock out and loosen the teeth as alleged, but may well be implied from the allegations that his ribs were broken and his lung punctured and in consequence of his injuries was required to be confined in the hospital for several weeks and was, as alleged, permanently injured, Such a description of injury shows some loss of time as a natural and necessary result of the injury as alleged. Hence, to entitle respondent to recover for loss of time, it was not essential that such loss be further or specially pleaded.

But the other point, that there is no evidence upon which compensation for loss of time may be ascertained or measured with reasonable or any degree of certainty, is more serious. All the evidence there is on the subject is that the respondent was confined in the hospital for several weeks by reason of his injuries; that his ribs gave him "trouble yet," and hurt him when he did hard work; and that he could not do a day's work as he did before. But no evidence was given as to the occupation or earning capacity or earnings of the respondent, nor as to the value of the time lost or as to what earnings, or the amount or

value thereof, were lost by him, nor any evidence to measure the damage or the loss sustained by him in such respect. Under such circumstance, the authorities teach that it was error to direct the jury, as was done, that they had the right to and should take into consideration the time lost by the respondent in assessing the amount of damages. *Diamond Rubber Co.* v. *Harryman,* 41 Colo. 415, 92 P. 922, 15 L. R. A. (N. S.) 775; *Anderson* v. *Young,* 98 Minn. 355, 108 N. W. 298; *Carlile* v. *Bentley,* 81 Neb. 715, 116 N. W. 772; *Winter v. Central Iowa Ry. Co.,* 74 Iowa, 448, 38 N. W. 154; *Stoetzle* v. *Sweringen,* 96 Mo. App. 592, 70 S. W. 911; *Pennsylvania Co.* v. *Scofield* (C. C. A.) 121 F. 814; *Haworth* v. *Kansas R. Co.,* 94 Mo. App. 215, 68 S. W. 111. The authorities cited by respondent, *Picino* v. *Utah-Apex M. Co.,* 52 Utah, 338, 173 P. 338, and 17 C. J. 780, do not show the contrary. They but hold that loss of time and impairment of earning capacity are proper elements of damages when properly pleaded and when there is sufficient evidence given in such respect upon which to ascertain the value of such loss. There being here no evidence as to the value of the time lost by respondent, nor any evidence by which such value could be ascertained or determined, any allowance made by the jury for loss of time of necessity would rest on mere speculation and conjecture. We are also of the opinion that the ruling was prejudicial, for it cannot be told how much, if anything, the jury allowed for loss of time. It is but speculation that the jury did not allow anything, and if they made an allowance it again is but speculation as to how much they allowed. *Candland* v. *Mellen,* 46 Utah, 519, 151 P. 341. The erroneous charge was error which was calculated to do harm, and in such case prejudice will be presumed until by the record it is shown that the error was not or could not have been harmful. *Boston & Albany R. Co.* v. *O'Reilley,* 158 U. S. 334, 15 S. Ct. 830, 39 L. Ed. 1006; 2 Hayne "New Trial and Appeal," Revised Edition, § 287; *Short* v. *Frink,* 151 Cal. 83, 90 P. 200; *State* v. *Cluff,* 48 Utah, 102, 158 P. 701. The record does not so show.

The court gave this instruction:

"You are instructed that where parties engage in a mutual combat in anger, each is civilly liable to the other for any physical injury inflicted by him during the fight. The fact that the parties engaged in the combat voluntarily is no defense to an action by either of them to recover damages for personal injuries inflicted upon him by the other, *and the circumstance, of who committed the first act of violence is not material in an action to recover damages for the injuries he received in the fight.* So that in this case, if you find that the parties hereto voluntarily engaged in a mutual combat, from which plaintiff sustained personal injuries, and damages, then your verdict should be in favor of the plaintiff."

Complaint is made of that portion of the charge italicized. The charge is supported by the case of *McCulloch* v. *Goodrich,* 105 Kan. 1, 181 P. 556, 6 A. L. R. 386, and by the annotation of cases there cited it is said to be, and we think is, the majority and the correct rule. The claim made is that who committed the first act of violence was material in mitigation of damages. The fact that the parties mutually engaged in a combat, though with anger may be relied upon and considered in mitigation of damages; but in such case who struck the first blow, or committed the first act of violence, is in and of itself of no controlling nor important factor of the question, for in such a mutual combat both parties are aggressors and voluntary combatants. The court well could have charged the jury that in case of mutual combat such fact properly could and should be considered in mitigation of damages, except where an injury of a serious character was maliciously inflicted by excessive and unreasonable force, or in a vicious or brutal manner. We think no error was committed in the particular as claimed.

The court submitted to the jury the question of punitive damages. Complaint is made of that. It is claimed that there is no evidence of malice, or circustances of aggravation, nor anything to show that the act causing injury was done with evil intent or with the purpose of injuring the respondent,

and that the case does not come within the rule announced by this court in the case of *Rugg* v. *Tolman*, 39 Utah, 295, 117 P. 54, as to when punitive or exemplary damages may be allowed. Since the jury did not award any punitive damages, it may well be said that the appellant was not harmed by the submission of such question. But, as the case must be reversed and remanded for new trial, it is proper that we express an opinion upon the subject.

The respondent gave evidence to show that while he was at work in a field making hay the appellant rode up on horseback and in an angry manner inquired if the respondent intended putting up hay in another field. The respondent told him that he did, and the appellant told respondent to leave it alone. The respondent said that he would not do so, whereupon the appellant got off his horse and said, "By God, you will leave it," and respondent replied that if another (interested in the hay) told him to leave it he would do so, otherwise not. Then appellant said there was "another thing I want to settle with you," and, starting towards the respondent, said: "You told Milton that I stole that chain off from the derrick." Respondent said that he did not, that what he said was that the appellant had taken the chain off. Both then engaged in an altercation as to what the respondent had in fact said in such respect, whereupon the respondent said: "It looks to me you must have come over looking for trouble." Appellant answered, "You are damn right; that is what I came for." The respondent said "Then it looks like you will have to have it," and stuck his fork in a bunch of hay upon which he had been leaning and proceeded to get ready for the combat, and as he turned around and threw up his arm to ward off a blow struck by appellant, the respondent slipped and fell forward, when the appellant with his fist hit him in the face, knocked him down several times in a senseless or dazed condition, and kicked him in the ribs, breaking three of them, which punctured the lung. Two of the respondent's teeth were knocked out, four were loosened, and he otherwise was cut and bruised in the face.

Upon the record the inference is justifiable that the appellant was the aggressor; that he sought the respondent to assault and batter him; and that after he had knocked him down several times, and while the respondent was in a senseless and dazed condition, and on the ground, the appellant kicked him in the ribs. Looking at the case in the light most favorable to the respondent it can hardly be said to have been a mutual combat but a willful and malicious assault and battery upon the part of the appellant, and that the respondent was entitled to have submitted to the jury the question of punitive damages. No error was committed by the court in such respect.

In this connection another point is made. The respondent, to prove the worth or wealth of the appellant, over the objection of the appellant, was permitted to put in evidence the testimony of the county treasurer that the assessed value of the appellant's land was $23,600, and that the property was assessed at about 70 per cent. of its actual value, and without laying any foundation that the treasurer had any knowledge as to the value of the lands except as shown by the assessment rolls. No foundation was laid that the witness had any other knowledge. In 13 Enc. Ev. 455, the rule is stated:

"If the valuation is made by the assessor, without participation by the owner, or if the latter's verification is limited to the correctness of the list so far as the ownership of the property is concerned, such valuation is no evidence of the cash or market value of the property."

Cases from many different jurisdictions are there cited.

In the case of *Cincinnati, H. & I. R. Co.* v. *McDougall,* 108 Ind. 179, 8 N. E. 571, it is said that such valuations are to be regarded as having been made for a special purpose, and that they are not competent as original evidence of value for any other than the purpose for which they were made, and that such lists are not competent either for or against the lister as original substantive evidence to establish the value of a particular article of property. The reason

for the rule is stated by the court in the case of *Hanover Water Co.* v. *Ashland Iron Co.*, 84 Pa. 279, to be that an assessment is merely an ex parte statement made by an officer not subject to cross-examination, and is no evidence of the value of the land assessed. Here, under the testimony complained of, the jury could have found in accordance therewith that the actual value of appellant's lands was over $33,700 ($23,600, plus 30 per cent.). We think the evidence was improperly received.

For the reasons herein stated, we think the judgment must be reversed and the case remanded for a new trial. Such is the order.

THURMAN, C. J., and GIDEON, J., concur.

CHERRY, J., dissents.

FRICK, J., died before announcement of decision.