383 P.2d 934

Mignon K. JORGENSEN, Plaintiff and Respondent,

v.

John D. GONZALES, Defendant and Appellant.

No. 9790.

Supreme Court of Utah.

July 16, 1963.

Raymond M. Berry, Salt Lake City, for appellant.

Thomas, Armstrong, Rawlings & West, Salt Lake City, for respondent.

McDONOUGH, Justice.

Mrs. Mignon K. Jorgensen sued for damages for personal injury and to her car when defendant John D. Gonzales ran into it from the rear. From a jury verdict awarding plaintiff $368.49 special and $1,200.00 general damages defendant appeals.

At about 10:30 p. m. on December 3, 1961, plaintiff was driving her car northward in the center lane of State Street approaching 7th South Street in Salt Lake City when a minor collision occurred with the automobile of a Mr. Burnett. The

two cars were left in place in the traffic lanes while a policeman began investigating. Plaintiff had gotten back into her car and was filling out an accident report when the defendant, also approaching from the south, failed to appreciate that the cars were stopped, collided with the Burnett car, impelling it into the plaintiff's car, resulting in the injuries and damages of which she complains.

Plaintiff was taken to the Salt Lake General Hospital for medical treatment. She was found to have suffered various bruises, including a cerebral concussion, and a contusion which required five stitches to close. She was unable to work for about 10 days; and thereafter continued to suffer pain and distress in her head and neck.

Upon the jury return their verdict was for $368.49 special damages and $1,131.51 general damages. These odd amounts prompted the court to question the jury foreman about the possibility of a quotient or chance verdict. In connection with this questioning it came out that the jury had considered as one aspect of plaintiff's general damages, her travel expense from California to Utah. Defendant asserted that this was a matter improper to consider, which was conceded by the plaintiff, and the court directed the jury to go out and reconsider its verdict. They did so

and returned with a second verdict awarding the special damage of $368.49 and general damages of $1,200.00.

■ Defendant contends that it was error to send the jury out the second time. He places reliance on Rule 47(q) U.R.C.P., which relates to the polling of the jury and states that if an insufficient number agree, " * * * the jury must be sent out again; otherwise the verdict is complete and the jury shall be discharged from the cause." That rule obviously has no application to the instant situation. Rule 47(r) U.R.C.P. provides that, "If the verdict * * * is informal or insufficient, it may be corrected by the jury under the advice of the court, or the jury may be sent out again." In that sense the term "insufficient" means inadequate or lacking in some requirement, purpose or use.[1]

■ The general and well-established rule is that so long as the jury is functioning as such in the course of the trial and until it is discharged, it is subject to directions and instructions from the court to the end that the issues be fully tried, deliberated upon and a correct verdict rendered. And where it is apparent that there is some patent error in connection with the verdict, the court may of course call the matter to their attention and direct them to redeliberate.[2] In that regard it

1. Crowe v. Sacks, 44 Cal.2d 590, 283 P. 2d 689.

2. West v. Abeny, 203 Okl. 227, 219 P.2d 624.

has been held, sensibly and properly, that where an amount is erroneously included the court may direct the jury to retire and correct it.[3] The trial court appears to have acted not only within its prerogative but properly and discreetly in handling the situation.

■■ Because of the incident described above and the change which was made in the verdict, the defendant also attempts to impute to the jury disregard of the court's instructions and misconduct in connection with their deliberations. Any merit in this argument would have to be implied from the mere fact that the change in the verdict was adverse to the defendant, which cannot fairly be done. The contention made is answered by the sound and practical rule that generally the jury's verdict may not be impeached by showing what went on during their deliberations.[4]

■■ Nor do we find any merit in the defendant's contention that the damages awarded were so excessive as to show they were given under the influence of passion or prejudice against him. We are required to state with almost monotonous frequency in cases of this nature that where there are personal injuries involving both loss of employment, personal inconvenience, and pain and suffering, there is no set formula as to the amount of damages that may be awarded. This is properly left to the sound judgment of a jury of practical people upon the basis of the evidence and in the light of their experience in the affairs of life. The court is reluctant to interfere therewith and will do so only if the amount awarded is so excessive that it clearly appears that it resulted from misunderstanding or from prejudice.[5]

The plaintiff cross-appealed because of the disallowance of costs of taking certain depositions. Our rule 54(d) U.R.C.P. in regard to costs provides that they " * * * shall be allowed as of course to the prevailing party unless the court otherwise directs * * *." We see no abuse of discretion in the order which was made with respect to costs.

Affirmed. Costs to plaintiff (respondent).

HENRIOD, C. J., and CALLISTER, CROCKETT, and WADE, JJ., concur.

3. Prager v. Israel, 15 Cal.2d 89, 98 P.2d 729.

4. See discussion in Wheat v. Denver & Rio Grande Western R. Co., 122 Utah 418, 250 P.2d 932.

5. See Paul v. Kirkendall, 1 Utah 2d 1, 261 P.2d 670.