491 P.2d 1211

Irvin A. LANGTON, Plaintiff and Appellant,

v.

INTERNATIONAL TRANSPORT, INC.,
Defendant and Respondent.

No. 12244.

Supreme Court of Utah.

Dec. 2, 1971.

Robert M. McRae and L. E. Richardson, of Hatch, McRae & Richardson, Salt Lake City, for plaintiff and appellant.

Stephen B. Nebeker, of Ray, Quinney & Nebeker, Salt Lake City, for defendant and respondent.

CALLISTER, Chief Justice:

Plaintiff initiated this action to recover for personal injuries and property damage sustained in a motor vehicle collision. Defendant's agent was driving a trailer truck northerly on a collector road of Interstate Highway 15. The driver heard an explosive sound and water and steam poured forth from the truck. The driver pulled the truck into the emergency lane on the overpass; this lane was only 5 feet 4 inches wide and the truck was 8 feet wide. There was good visibility; it was daytime; the road was dry and clear. The collector road had two lanes both in a northerly direction; the road had a slight upgrade. The truck driver and his partner alighted from the truck to ascertain the problem. They discovered the damper had broken off the crankshaft and had gone through the radiator. The partner departed to go call a wrecker, and the driver went to the cab of his vehicle to procure warning reflectors; before they could be placed, the collision occurred. The driver further testified that prior to leaving his truck he had activated all the lights, which included the headlights, four red lights on the rear including two that flashed, and six amber lights along the side of the trailer. Approximately three to five minutes elapsed from the time the truck was stopped until the accident. The driver testified that the truck was within $1\frac{1}{2}$ feet of the guard rail; other testimony placed the location as far as three or four feet from the edge of the overpass.

Plaintiff sustained head injuries, a concussion and lacerations, and he had no recall of the accident. A witness, Mr. Robbins, was traveling behind plaintiff's vehicle, both were traveling approximately 50 miles per hour. The witness testified that plaintiff was driving in the left lane, and a semitrailer truck, eight or ten car lengths ahead of plaintiff, was in the right lane. The truck gave a signal and pulled into the left lane, and plaintiff almost simultaneously moved to the right lane and accelerated to pass the truck. The impact of plaintiff's vehicle with the left rear tandems of defendant's truck was almost immediate.

Plaintiff was in the hospital for two days and was unable to return to work for $25\frac{1}{2}$ days ($22\frac{1}{2}$ working days). At the time of trial, he complained of dizziness, a loss of balance, and periodic headaches. His doctor testified that plaintiff's complaints were consistent with a brain stem injury. The doctor expressed the opinion that plaintiff was not medically sound to work; that he had a 50 per cent chance of

recovery, and that the contemplated period of recovery would be two or three years. However, plaintiff testified that since he had returned to work, he had missed only one day when he went to the hospital to take certain tests.

Plaintiff's action was predicated upon the negligence of defendant's agent in stopping his truck with a portion of it protruding into the traveled-way and his negligent omission to place certain warning devices to protect approaching travelers. At the close of the evidence, defendant moved for a directed verdict on the grounds that there was no evidence of defendant's negligence and the purported negligence was not the proximate cause of plaintiff's injuries and that plaintiff was contributorily negligent in passing the semitruck on the right after he had notice of it pulling out of the right lane. The trial court denied the motion and submitted the cause to the jury.

The jury returned a verdict in favor of plaintiff and against defendant, they assessed damages as follows: General Damages: None; Special Damages: $868.25; Property Damages: $600; Total: $1,468.25.

The jury was polled; two jurors said that it was not their verdict; six said that it was, although one proclaimed that it was a compromise. The trial court then queried each counsel whether he had anything else to present to the court; both respond-ed in the negative. Thereupon, the court entered judgment on the verdict.

Subsequently, plaintiff made a motion for a new trial on the issue of damages only or in the alternative for an additur to the verdict of the jury in the sum of $30,-000, the amount pleaded in the complaint. The motion contained a statement that the plaintiff had sustained lost wages, and that with reasonable medical certainty plaintiff should be discharged temporarily from his employment until he regained his health in a period of two to three years, for which he should be compensated for these projected lost wages. Plaintiff did not mention the failure of the jury to award damages for pain and suffering and inconvenience.

Defendant submitted a motion for judgment notwithstanding the verdict or in the alternative, if plaintiff be granted a new trial, then a new trial should be granted on all of the issues. Subsequently, defendant amended its motion and moved to have the jury verdict and judgment thereon stand. The trial court ruled that it was not persuaded that the verdict was in error, and that the proof of permanent injuries was not so conclusive that the court could say as a matter of law that the jury was wrong. The trial court sustained the previously entered judgment.

On appeal, plaintiff vigorously urges that the trial court abused its discretion

when it failed to grant the motion for a new trial on the issue of damages or in the alternative to award an additur. Plaintiff predicates error upon several alternative grounds. He suggests that the verdict indicates that the jury compromised the issue of liability. He further asserts that the jury disregarded the instructions, which provided for an award for pain and suffering as well as for loss of earnings, and there was uncontradicted evidence that plaintiff lost 22½ working days as a result of his injuries. Finally, plaintiff cites Rule 59(a) (5), U.R.C.P., which provides that a new trial may be granted on the ground of an award of ". . . inadequate damages, appearing to have been given under the influence of passion or prejudice."

Defendant claims that the failure of plaintiff's counsel to object to the jury verdict at the time it was announced precludes him from asserting error on appeal. Defendant cites Rule 47(r), U.R.C.P., which provides:

> If the verdict rendered is informal or insufficient, if may be corrected by the jury under the advice of the court, or the jury may be sent out again.

Defendant argues that the foregoing rule provided a means whereby counsel could request the court to return the jury for further deliberation with additional instructions, if necessary. Counsel's failure to make such a request, while the jury was still impaneled, waived the insufficiency or irregularity of the verdict and such a verdict did not qualify as a ground for granting a new trial.

In Jorgensen v. Gonzales [1] this court cited Rule 47(r), U.R.C.P., and interpreted the term "insufficient" there as meaning inadequate or lacking in some requirement, purpose or use. This court stated:

> The general and well-established rule is that so long as the jury is functioning as such in the course of the trial and until it is discharged, it is subject to directions and instructions from the court to the end that the issues be fully tried, deliberated upon and a correct verdict rendered. And where it is apparent that there is some patent error in connection with the verdict, the court may of course call the matter to their attention and direct them to redeliberate. . . .

In the instant case, it must be conceded that if plaintiff were entitled to an award of special damages, he was entitled to be compensated, under the evidence, for pain and suffering and a loss of 22½ days' wages, irrespective of prospective damages, which the jury and trial court evidently doubted. Obviously, the jury failed to consider these items of damage. The verdict was defective in form in that it did not

1. 14 Utah 2d 330, 332–333, 383 P.2d 934, 935 (1963).

comprehend all the items of damage contained in the instructions given by the court, it was therefore insufficient.[2]

. . . The proper procedure where an informal or insufficient verdict has been returned is for the trial court to require the jury to return for further deliberation. . . . It is well established by numerous authorities that, when a verdict is not in the proper form and the jury is not required to clarify it, any error in said verdict is waived by the party relying thereon who at the time of its rendition failed to make any request that its informality or uncertainty be corrected. [Citations] . . ..[3]

A case in point is Edmonds v. Erion,[4] a personal injury action arising out of a motor vehicle collision. The jury brought in a verdict in plaintiff's favor and awarded $1,062.29 special damages but no general damages. Plaintiff's attorney, although present when the verdict was read, made no objection to this irregular verdict. On appeal, plaintiff asserted that the verdict was invalid and not in accordance with law; and, therefore, the trial court erred when it denied a motion for a new trial.

The court responded that the appeal hinged on whether the verdict was conclusively invalid or whether the insufficiency or irregularity might be waived by the conduct of the parties. The court cited O.R.S. 17.355, and quoted the following provision: ". . . If the verdict is informal or insufficient, it may be corrected by the jury under the advice of the court, or the jury may be again sent out." The court stated that the verdict was irregular and insufficient, and on timely objection plaintiff was entitled to have it resubmitted to the jury with approrpriate instruction or otherwise disposed of in the discretion of the court. The court, however, resolved the issue adversely to plaintiff and cited the following ruling from Fischer v. Howard:[5]

We are satisfied that when the plaintiff, after acquainting himself with the verdict, made no objections to its receipt and no motion that the cause be recommitted to the jury, he waived the objections now under analysis. Having waived them, they were unavailable as the basis for a motion for a new trial. The motion should, therefore, have been denied. . . .[6]

2. Crowe v. Sachs, 44 Cal.2d 590, 283 P.2d 689, 692, 693 (1955); Sherwood v. Rossini, 264 Cal.App.2d 926, 71 Cal.Rptr. 1, 4 (1968).

3. Brown v. Regan, 10 Cal.2d 519, 75 P.2d 1063, 1065–1066 (1938).

4. 221 Or. 104, 350 P.2d 700 (1960).

5. 201 Or. 426, 271 P.2d 1059, 1075, 49 A.L.R.2d 1301 (1954).

6. See DeWitty v. Decker, Wyo., 383 P.2d 734, 738–740 (1963), wherein the court stated the principle that counsel was obligated to bring to the attention of the trial court an irregularity appearing on the face of a jury verdict and thus afford

■■ In the instant case, plaintiff may not properly invoke Rule 59(a) (5), U.R.C.P., as a ground for a new trial. There is a basic distinction between an insufficient or informal verdict and a verdict regular on its face, which awards inadequate damages, appearing to have been given under the influence of passion or prejudice. Rule 59(a) (5). In the latter case, a new trial must be granted to correct the error. In the former case, counsel has an opportunity to assert an objection, and the court, under Rule 47(r), U.R.C.P., may return the jury for further deliberation and with further instruction to correct the irregularity. If counsel does not avail himself of this opportunity, his objection to the irregularity of the verdict is waived.

■ If counsel be permitted to remain mute when a verdict is insufficient or informal, he gains an unfair strategic advantage, which the instant case clearly illustrates. The evidence of defendant's negligence was weak; the issue of whether the asserted negligence of defendant was the proximate cause of plaintiff's injuries was weaker. The evidence of plaintiff's contributory negligence was considerable. It would be most advantageous to plaintiff to be granted a new trial, particularly if it

were limited to the issue of damages. In either event, he would have an opportunity to present his case to a new jury. On the other hand, if the court had sent the jury out for further deliberation, with additional instructions setting forth clearly that the law does not permit the jury to compromise liability and that under the facts of the case the plaintiff, if entitled to special damages, must also receive compensation for his pain and suffering and lost wages, there was a real possibility that the verdict might have been in favor of the defendant. The silence of plaintiff's counsel, upon hearing the verdict, is comprehensible, he could reasonably have concluded that the jury was unsympathetic to his cause or parsimonious, and he would, of course, prefer a new jury. There must be reasonable rules to control the termination of litigation, if counsel has an opportunity to correct error at the time of its occurrence and he fails to do so, any objection based thereupon is waived.

The judgment of the trial court is affirmed. No costs are awarded.

TUCKETT, ELLETT and CROCKETT, JJ., concur.

HENRIOD, J., concurs in the result.

the trial court, while the jury was still present, an opportunity to correct the

verdict; and failing in this the point was waived on appeal.