493 P.2d 611

**Lloyd E. LISH, Jr., Plaintiff and Respondent,**

**v.**

**UTAH POWER AND LIGHT CO., a Maine Corporation, Defendant and Appellant.**

**No. 12474.**

Supreme Court of Utah.

Jan. 25, 1972.

Ray, Quinney & Nebeker, M. John Aston, Ramon M. Child, Salt Lake City, for defendant-appellant.

Carman E. Kipp, J. Anthony Eyre, Salt Lake City, for plaintiff-respondent.

ELLETT, Justice:

The defendant appeals from a verdict in favor of the plaintiff and makes four assignments of error in the court below, three of which pertain to instructions given by the trial court and the fourth of which asserts that the plaintiff was negligent as a matter of law.

The three instructions dealt with the question of liability of the defendant, but the defendant in its brief does not contend that the evidence would compel a finding that it was not negligent. It only asserts that it was error to instruct as the court did.

One of the instructions in substance told the jury that the State of Idaho (where this cause of action arose) had adopted the National Bureau of Standards Handbook 81 regarding the installation and maintenance of electric supply and commu-

nication lines. It further informed the jury that when "supply conductors are placed near enough to windows, verandas, fire escapes, *or other ordinarily accessible places, to be exposed to contact by persons,*" they shall be properly guarded by grounded conduit, barriers, or otherwise. [Emphasis added.]

The facts of this case are that a farmer in Idaho had a grain storage bin which had a ladder affixed to the outside leading up to an opening in the top. The plaintiff was a sampler and buyer of grain, and in the course of his work he climbed to the top of the grain bin, where he then connected 3 four-foot sections of metal pipe together and placed a metal probe at one end so that he could secure samples of grain at various depths in the bin.

After the bin had been erected, the defendant constructed four naked and unguarded transmission lines carrying 7200 volts of electricity and placed one of them within 9.01 feet of the overhang of the storage bin.

There was believable testimony to the effect that it was common knowledge in the area that long metal probes would be used by a person on top of the bin before a sale or purchase of grain would be made.

The pipes in the instant matter were connected by the plaintiff while he was on top of the bin, but in withdrawing the probe he did not detach the sections as they were lifted out of the hole in the bin. The reason he did not detach the sections of the pipe was that he intended to use the probe in another nearby bin. The pipes came in contact with the energized power line, and plaintiff was severely injured.

The standards of care in the erection of transmission lines set out in Handbook No. 81 and as adopted by the State of Idaho required that supply conductors of 300 volts or more be guarded by grounded conduit, barriers, or otherwise, where such supply conductors are placed near enough to . . . ordinarily accessible places to be exposed to contact by persons.

■ Another instruction complained of by the defendant told the jury that before they could find against the defendant, they must find that it was negligent in one or both of the following particulars:

A. In failing to comply with the National Bureau of Standards Handbook No. 81 relating to guarding of supply conductors; or

B. Failing to warn the public of a hazardous condition.

We fail to see why these instructions did not fairly tell the jury what the law was.

The third instruction copied the following language from the decision of this court in the case of Brigham v. Moon

Lake Electric Association, 24 Utah 2d 292, 294, 470 P.2d 393, 395 (1970):

> A high tension transmission wire is one of the most dangerous things known to man. Not only is the current deadly, but the danger is hidden away in an innocent looking wire ready at all times to kill. or injure anyone who touches it or comes too near it [sic]. For the average citizen there is no way of knowing whether the wire is harmless or lethal until it is too late to do anything about it. . . .

Ordinarily the reasoning given in an opinion of an appellate court is not to be copied as an instruction to the jury in a similar case. It does not necessarily state what the law is, but rather is made to demonstrate the correctness of the opinion.

■■ This instruction is not to be commended. However, we do not think it had any prejudicial effect against the defendant. Other instructions were given to the jury as requested by the defendant which properly told the jury what the law was relating to contributory negligence, if any there was, on the part of the plaintiff. The Moon Lake case involved a small boy and a sagging wire due to a broken pole, while the instant matter pertained to a grown man and a wire on perpendicular poles. One would think the instruction might be helpful to the defendant's cause in that it informed the jury that an innocent looking wire might be lethal and therefore suggested that one should be careful when near it.

■ As to the contention that the plaintiff was guilty of contributory negligence as a matter of law, we need only say that he said he thought the wires were telephone wires, and it was a jury question as to whether or not he was guilty of contributory negligence.

The jury found against the defendant, and we do not believe that we would be justified in reversing, since there was evidence to sustain the findings of the jury.[1]

■ The plaintiff cross appeals and contends that there is an irregularity in the verdict as finally rendered. However, he permitted the jury to be excused without requesting any clarification of the verdict and so cannot properly expect this court to do what could have been done by the jury before it was discharged.[2]

The judgment is affirmed, and costs are awarded to the plaintiff.

CALLISTER, C. J., and HENRIOD, TUCKETT and CROCKETT, JJ., concur.

1. DeVas v. Noble, 13 Utah 2d 133, 369 P.2d 290 (1962); Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176 (1961).

2. Langton v. International Transport, 26 Utah 2d 452, 491 P.2d 1211 (1971).