Helen Eva Naglich COHN, formerly known as Helen Eva Naglich, Plaintiff and Appellant,

v.

J. C. PENNEY COMPANY, INC., a Delaware Corporation, et al., Defendants and Respondents.

No. 13792.

Supreme Court of Utah.

June 17, 1975.

Richard W. Perkins, of Turner & Perkins, Salt Lake City, for plaintiff-appellant.

Craig S. Cook of Worsley, Snow & Christensen, Timothy R. Hanson of Han-

son, Wadsworth & Russon, Salt Lake City, for defendants-respondents.

*ELLETT, Justice:*

This is an appeal from the refusal of the district court to grant a new trial.

The plaintiff fell on premises occupied by defendants and claimed damages. Counsel stipulated that she incurred medical expenses in the sum of $352.25 and lost wages amounting to $656.

The case was tried to a jury and submitted thereto on a special verdict. The jury found negligence on the part of the defendants but no contributory negligence. It found damages as follows:

| | |
|---|---|
| Medical expenses | $352.25 |
| Loss of income | 656.00 |
| General Damages | 0 |

Judgment was entered in accordance with the answers contained in the special verdict. The plaintiff duly moved for a new trial, claiming inadequacy of general damages. The trial court overruled the motion, apparently thinking that lost wages were an element of general damages. He instructed the jury regarding damages for the injury which plaintiff claimed she sustained and specifically mentioned suffering, both mental and physical, and the extent which she had been prevented from pursuing the ordinary affairs of life, and the disability or *loss of earning capacity* resulting from the injury. He also instructed that the jury could not allow more than $656 for lost earnings. He further instructed in regard to special damages to include, inter alia, expenses paid for doctors, medicines, nurses, and x-rays, in the amount of $352.25.

His Honor noticed the inconsistency of the answers to the interrogatories in that hospital and doctor bills and lost wages were awarded but nothing was found for pain or suffering. A bench conference was called, and the court indicated to counsel that he thought the verdict was proper since lost wages were a part of general damages. He undoubtedly would not have accepted the verdict had he thought that lost wages were special damages.

There should be a consensus of opinion amongst the bench and bar of this state as to the distinction between various categories of general and special damages. We, therefore, set forth what we consider to be the proper distinction between the two. The difference between the two types of damages is of importance because special damages must ordinarily be pleaded in order to be recovered.

General damages are those which naturally and necessarily result from the harm done. They are damages which everybody knows are likely to result from the harm described and so are said to be implied in law. Special damages are those which occur as a natural consequence of the harm done but are not so certain to flow therefrom as to be implied in law. One claiming them must plead them so as to let his adversary know what will be involved. An illustration will show the difference:

Plaintiff sues defendant for blowing up his dam in the river and claims damages in the amount of $5,000. His proof shows the cost of repairs to the dam to be $1,000. He offers evidence to the effect that he had a water mill which had to be shut down for two months during the rebuilding of the dam and that he lost profits in the amount of $4,000 as a result thereof. The rebuilding of the dam is an item of general damages, but the loss of profits due to inoperation of the mill is an item of special damage because it is peculiar to his case. Another man might have his dam blown up and might not even own a mill, or it might not be operative. Still another man might have special damages because he could not irrigate his farm as a result of the destruction of the dam which he owned and the lowering of the water below the bottom of his lateral ditch. Each dam owner would need to set forth his particular special damages because such special damages do not of necessity follow as a result of the tort.

The text material in 22 Am.Jur.2d, Damages § 15, states the law as follows:

Compensatory damages are classified as either "general" or "special." General damages are those which are the natural and necessary result of the wrongful act or omission asserted as the foundation of liability, and include those which follow as a conclusion of law from the statement of the facts of the injury. In other words, general damages are those which are traceable to, and the probable and necessary result of, the injury, or which are presumed by, or implied in, law to have resulted therefrom. The statement that general damages are those necessarily resulting from the wrong does not mean that they are such only as must, a priori, inevitably and always result therefrom. It is enough if, in the particular instance, they do in fact result from the wrong, directly and proximately, and without reference to the special character, condition, or circumstances of the person wronged. The law then, as a matter of course, implies or presumes them as the effect which in the particular instance necessarily results from the wrong.

The term "special damages" denotes such damages as arise from the special circumstances of the case, which, if properly pleaded, may be added to the general damages which the law presumes or implies from the mere invasion of the plaintiff's rights. Special damages are the natural, but not the necessary, result of an injury. In other words, special damages actually, but not necessarily, result from the injury, and thus are not implied by law. . . .

\* \* \* \* \* \*

The distinctions between general and special damages are principally important with regard to the pleadings in damage actions. General damages, which necessarily result from the injury complained of, may be recovered under a general allegation of damage, whereas special damages must be specially pleaded. . . .

McCormick on Damages (Hornbook Series) makes the following statement at pages 37 and 38:

In personal injury suits, the following are usually treated as matters to be specially pleaded: Loss of time and earnings; impairment of future earning capacity; expenses of drugs, nursing, and medical care; aggravation by the injury of a pre-existing disease; and insanity resulting from the injury. Almost any of these, however, might be results so usually accompanying the particular injury alleged as that they would be regarded as sufficiently pleaded by the statement of the injury.

In the case of Kennedy v. Van Horn, 77 Okl. 100, 186 P. 483 (1919), the plaintiff alleged that he had sustained permanent injuries and that to date he had lost $2,500 in wages as a result of the injuries sustained. Over defendant's objection he was allowed to prove a diminution of earning capacity. The Supreme Court reversed, saying:

The rule appears to be well settled that special damages must be pleaded, and it is error to admit proof of such damages in the absence of such allegation. [Citations omitted.]

It is equally well settled that diminished earning capacity from a personal injury is special damages, and to be recoverable must be especially claimed in the petition. [Citations omitted.]

■ Where the injuries alleged are of such a character as to give notice to all the world of the damages which would of necessity follow, then, of course, items usually classified as special damages could be proved without pleading them. A typist or a pianist who alleges the loss of a hand should be able to prove loss of earning capacity without specially alleging it because all the world knows that two hands are necessary to either occupation. See

Rhodes v. Lamar, 145 Okl. 223, 292 P. 335 (1930), where at page 339 it is reported:

. . Loss of time, eo nomine, was not pleaded. While there is a conflict in the authorities on the question of permitting proof of lost time without allegation in the pleadings, nevertheless we think in practically all the jurisdictions it is held that, where the injury alleged would necessarily import a loss of time, the direct averment in the pleadings may be dispensed with. 17 C.J. 1014, and authorities cited. Plaintiff's petition brings this case well within the rule. It is almost inconceivable that a man whose general health is impaired, whose lungs are infected to the extent of causing continuous, violent coughing, frequent hemorrhages, and the spitting up of blood and sputum would not necessarily lose time.

"Evidence of loss of time or earnings or impairment of earning capacity, naturally and necessarily resulting from injuries described and act complained of, is admissible without specially pleading it." Littledike v. Wood, 69 Utah, 323, 255 P. 172.

The Utah case of Littledike v. Wood, supra, was a case brought for assault and battery, wherein plaintiff alleged the defendant struck the plaintiff in the mouth with his fist and knocked two of his front teeth out and loosened a great many more, cut his lower lip and knocked him down, struck him over the eye, kicked or struck him in the side and broke three ribs, which punctured the left lung. The trial court instructed the jury to consider on the question of damages "the time lost and that he will probably hereafter lose, if any, as may appear from the evidence, by reason of and as the result of said injury." Plaintiff had not pleaded lost time. The defendant appealed from a judgment in favor of plaintiff, and in treating of the question this court at page 326, of the Utah Reports, 255 P. at page 173 said:

If loss of time or of earnings or impairment of earning capacity naturally

and necessarily results from the injuries which are described and of the act complained of, evidence can be given of such loss without specially pleading it. *Atwood v. Utah Light & R. Co.*, 44 Utah, 366, 140 P. 137. Such a loss or impairment might not be implied as a natural and necessary result from the allegations that the respondent was struck in the mouth with such violence as to knock out and loosen the teeth as alleged, but may well be implied from the allegations that his ribs were broken and his lung punctured and in consequence of his injuries was required to be confined in the hospital for several weeks and was, as alleged, permanently injured. Such a description of injury shows some loss of time as a natural and necessary result of the injury as alleged. Hence, to entitle respondent to recover for loss of time, it was not essential that such loss be further or specially pleaded.

In the case of Atwood v. Utah Light & R. Co., supra, the plaintiff had not alleged loss of earning capacity. At page 376 of the Utah Reports, 140 P. at 140 this court held:

It is further contended that the court erred in charging the jury that, in the event they found for respondent, they should take into consideration "the probable effect of her injury upon her ability to earn a living and to acquire money or other property." It is contended that no such issue was presented by the pleadings. The injuries sustained by respondent were, however, fully described in her complaint, and from their nature and extent it was apparent to anyone that the injuries described would necessarily, for some time at least, deprive respondent from following her usual vocation and thus affect her ability to earn money, etc. Under such circumstances it is not necessary to specially allege that the injured person's ability to earn money was

impaired. The general rule is correctly stated in 13 Cyc. 187, in the following words:

"Where the injury alleged will necessarily render a person less capable of performing his usual business duties in the future, proof of the impairment of his general earning capacity may ordinarily be given under the general allegation of the injury, and damages resulting therefrom, such as the inability to attend to his ordinary business, without a special averment that plaintiff will be unable to earn as much in the future as in the past, or without specially averring the nature of his occupation or employment, although a few courts seem to require a greater strictness and definiteness in the allegation."

Again this court discussed the problem involved herein in the case of Clawson v. Walgreen Drug Co., 108 Utah 577, at pages 587 and 588, 162 P.2d 759, at page 764 (1945), and said:

. . . At the outset it should be noted that a distinction is made between loss of earnings and impairment of earning capacity. The former relates to the loss of wages which might have been earned had the plaintiff not been injured. The latter relates to the diminution of earning capacity. The measure of damages for the former may in general terms be stated as the amount the injured person might reasonably have earned in pursuit of his ordinary occupation. The measure of damages for the latter in general terms is the difference between the amount which plaintiff was capable of earning before his injury and that which he was capable of earning thereafter. [Citations omitted.] Some jurisdictions hold that before recovery can be had for loss of wages the loss must be specifically pleaded. [Citations omitted.] The same holding has been applied to claims for damage for impairment of earning capacity. [Citations omitted.]

* * * * * *

In the instant case the plaintiff did plead that he would

"forever * * * be prevented from attending to and transacting his business or from performing any labor for the remainder of his lifetime to his damage in the sum of Twenty Thousand Dollars * * *."

It is also alleged that the plaintiff was confined to the hospital and incurred an obligation amounting to over $600 for services rendered by the hospital. Under the holding of the Littledike case, supra, this is a sufficient allegation, when taken with the allegations concerning the nature of his injuries, to warrant the introduction of evidence relative to impairment of earning capacity. In the absence of special demurrer it is also probably sufficient to permit evidence as to loss of earnings although it would have been better if specifically pleaded.

In Pauly v. McCarthy, 109 Utah 431, 184 P.2d 123 (1947), this court in speaking on the question of whether recovery for permanent disability could be proved without specially pleading it set out three lines of decision, the first two of which are summarized and the third of which is quoted beginning at page 441 of the Utah Reports, at page 128 of 184 P.2d viz.:

(1) Recovery can be had under a general allegation for damages.

(2) Not recoverable under a general allegation of damages, without specially pleading the fact of permanency. (A theory that permanent injury is in the nature of special damages, which must be specifically pleaded to allow recovery therefor.)

"(3) A third line of authorities holds that unless facts from which the permanency of the injury will necessarily be implied are alleged, there must be a special

averment that the injuries are permanent, in order to let in proof to that effect. This is really a qualification of the second rule. Under this rule the fact that permanency may possibly or even probably follow from the nature of the injury is not sufficient to allow recovery therefor, in the absence of a specific allegation of permanency."

■ It thus seems clear that the loss of earnings to date of trial and impairment of earning capacity are both items of special damages, and yet they may be proved under an allegation of general damages where the description of the injuries is such that everyone must know that of necessity there would be a loss of earnings and an impairment of earning capacity.

■ In Utah there does not seem to be an inflexible rule regarding the pleading of special damages. It is a question of whether or not the pleadings contain such information as will apprise the defendant of such damages as must of necessity flow from that which is alleged.

In the instant matter the plaintiff made no objection to the verdict at the bench conference, and the defendants now claim that her failure to object constituted a waiver of the right to request a new trial or to appeal from the verdict. They cite some Utah cases to support their claim.[1]

The case of Jorgensen v. Gonzales (footnote 1) states:

. . . And where it is apparent that there is some patent error in connection with the verdict, the court may of course call the matter to their attention and direct them to redeliberate. In that regard it has been held, sensibly and properly, that where an amount is erroneously included the court may direct the jury to retire and correct it. . . .

In that case it was made to appear that the jury had allowed damages for traveling expenses which were not proper. The trial court properly sent the jury back for further deliberations.

The case of Langton v. International Transport, Inc. (footnote 1) is on all fours with the instant matter. There the jury returned a verdict as follows:

| | |
|---|---|
| General damages | None |
| Special damages | $868.25 |
| Property damages | 600.00 |
| Total damages | $1,468.25 |

There the jury was polled and stood six for and two opposed to the verdict. The trial court then asked counsel if they had anything to present to the court, and both responded in the negative. Judgment was entered on the verdict. Subsequently, plaintiff moved for a new trial, which was denied. The appeal followed.

In affirming the trial court, this court quoted from the case of Brown v. Regan[2] as follows:

. . . The proper procedure where an informal or insufficient verdict has been returned is for the trial court to require the jury to return for further deliberation. . . . It is well established by numerous authorities that, when a verdict is not in the proper form and the jury is not required to clarify it, any error in said verdict is waived by the party relying thereon who at the time of its rendition failed to make any request that its informality or uncertainty be corrected.

■ In the instant matter there was not merely an inadequate award of general damages—there was no award at all. The verdict was deficient in form, and counsel had an *opportunity* to have the jury sent

1. Lish v. Utah Power and Light Co., 27 Utah 2d 90, 493 P.2d 611 (1972) ; Langton v. International Transport, Inc., 26 Utah 2d 452, 491 P.2d 1211 (1971) ; Jorgensen .v. Gonzales, 14 Utah 2d 330, 383 P.2d 934 (1963).

2. 10 Cal.2d 519, 75 P.2d 1063 (1938).

back for further deliberations. This he did not do, perhaps fearing that the jury might either award some nominal amount or even change the verdict and award nothing to the plaintiff. It would be a smart trial tactic if he could have had a new trial on damages only before a jury which would not be acquainted with the weakness of plaintiff's cause of action.

We think the Langton case disposes of the present matter. The judgment is, therefore, affirmed. Costs are awarded to the respondents.

HENRIOD, C. J., and CROCKETT, TUCKETT and MAUGHAN, JJ., concur.