2018 UT App 145

# THE UTAH COURT OF APPEALS

NATIONAL TITLE AGENCY LLC AND WILLIAM D. ROWLEY,
Appellants,
*v.*
JPMORGAN CHASE BANK NA,
Appellee.

Opinion
No. 20160806-CA
Filed July 27, 2018

Third District Court, Salt Lake Department
The Honorable Todd M. Shaughnessy
No. 160901812

Sean A. Monson, Ryan M. Merriman, and Jeremy C.
Reutzel, Attorneys for Appellants

Gary E. Doctorman and Nicholas U. Frandsen,
Attorneys for Appellee

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN and DAVID N. MORTENSEN
concurred.

Orme, Judge:

¶1 Appellants National Title Agency LLC and William D. Rowley (collectively, Plaintiffs) appeal the district court's order dismissing their complaint against Appellee JPMorgan Chase Bank NA (Chase Bank) on the ground that their claims were barred by the statute of limitations. We affirm.

## BACKGROUND

¶2 National Title, formed by Rowley in 2006, was a licensed escrow and title agent that closed real estate transactions in

Utah.[1] As a licensed escrow agent, National Title held funds in escrow for its clients in trust accounts at several banks, including a trust account at Chase Bank (the Trust Account).

¶3      Two unrelated suits were brought against National Title in 2010, and because it failed to appear in either suit, the district court entered default judgments against it. Shortly after the default judgments, the district court issued two writs of garnishment to Chase Bank, which, National Title alleges, mindlessly complied with the writs, releasing over $600,000 belonging to National Title's clients from the Trust Account to National Title's judgment creditors. The last such release was in September 2010.

¶4      National Title periodically received statements from Chase Bank regarding the Trust Account. Somehow, National Title did not notice the substantial shortfall in the Trust Account until October 2013. It then alerted its underwriter, First American Title Insurance Company (First American), that it would need assistance in compensating clients for their escrowed funds that were lost as a result of the Trust Account's garnishments. First American promptly sent a written demand and then filed suit in November 2013 in federal court, demanding that National Title reimburse First American for any payments it would have to make to cover the shortfall. First American then terminated its relationship with National Title, resulting in National Title's closure.

¶5      In September 2015, Plaintiffs filed a third-party complaint against Chase Bank—in the federal case First American brought

---

1. When reviewing a motion to dismiss, "we accept the factual allegations in the complaint as true," and so we recite the facts "in a light most favorable to the plaintiff as the nonmoving party." *Russell Packard Dev., Inc. v. Carson*, 2005 UT 14, ¶ 3, 108 P.3d 741.

against Plaintiffs—alleging breach of fiduciary duty, breach of contract, and negligence per se. But the federal court, citing principles of federal abstention, dismissed the suit without prejudice. When Plaintiffs filed those same claims in state district court, Chase Bank moved to dismiss under rule 12(b)(6) of the Utah Rules of Civil Procedure on the ground that the suit was barred by the general four-year statute of limitations. *See* Utah Code Ann. § 78B-2-307(3) (LexisNexis Supp. 2017) (specifying that a four-year statute of limitations applies to claims "for relief not otherwise provided for by law"). Plaintiffs opposed the motion to dismiss, arguing that the statute of limitations began to run in 2013 when First American sued National Title—not in 2010 when the Trust Account was garnished. They also sought to file an amended complaint.

¶6     Concluding that the statute of limitations began to run in 2010, the district court determined that the breach of contract claim was subject to a two-year contractual limitation and that the claims for breach of fiduciary duty and negligence per se were subject to the general four-year statute of limitations.[2] And because Plaintiffs sued in 2015, the district court held that the claims were barred by the applicable statutes of limitations. As a result, it granted Chase Bank's motion, dismissed the suit, and denied Plaintiffs' motion to amend. This appeal followed.

ISSUES AND STANDARDS OF REVIEW

¶7     Plaintiffs contend that the district court erred in dismissing their complaint, on the rationale that all three claims were time-barred. "When reviewing a rule 12(b)(6) motion to dismiss, we accept the factual allegations in the complaint as

---

2. National Title also brought a claim for equitable indemnification, but the district court concluded that this claim had not yet accrued. Plaintiffs do not raise this issue on appeal.

true and interpret those facts, and all reasonable inferences drawn therefrom, in a light most favorable to the plaintiff as the nonmoving party." *Russell Packard Dev., Inc. v. Carson*, 2005 UT 14, ¶ 34, 108 P.3d 741. "Because the propriety of a motion to dismiss is a question of law," we review the dismissal for correctness. *Id.*

¶8      Plaintiffs also contend that the district court erred in denying their motion to amend. "Typically, the standard of review of a denial to amend pleadings is abuse of discretion." *Ottens v. McNeil*, 2010 UT App 237, ¶ 20, 239 P.3d 308 (quotation simplified). But "when the trial court's denial is based on its conclusion that the amendment would be futile because the statute of limitations bars the claim," we review the application of the statute of limitations for correctness. *Id.* "To the extent that the statute of limitations analysis involves subsidiary factual determinations, we review those factual determinations using a clearly erroneous standard." *Id.* (quotation simplified).

ANALYSIS

I. The Statutes of Limitations

¶9      Determining that Plaintiffs' damages arose upon Chase Bank's release of the funds in 2010, the district court concluded that National Title "was damaged as soon as the garnished funds left the Trust Account" as "National Title was overdrawn and would no longer be able to furnish the escrowed funds back to its customers."[3] But Plaintiffs, overlooking their ultimate

---

3. Plaintiffs assert that the district court's analysis does not apply to plaintiff Rowley's claims because he was never considered a trustee or listed by name on the Trust Account. These facts surely suggest his individual standing to sue is questionable, but, in any event, the complaint does not identify any differences

(continued…)

liability as fiduciaries, contend that it was actually their clients who were harmed upon the release of the escrowed funds and that the statutes of limitations did not start running on Plaintiffs' claims until 2013, when First American terminated its relationship with National Title, filed suit, and forced National Title out of business.

¶10　Damages are a necessary element in Plaintiffs' claims for negligence, breach of contract, and breach of fiduciary duty. *See Hunsaker v. State*, 870 P.2d 893, 897 (Utah 1993) (elements required for a negligence cause of action); *Carmichael v. Higginson*, 2017 UT App 139, ¶ 10 n.5, 402 P.3d 146 (elements required for a breach of contract cause of action); *Giles v. Mineral Res. Int'l, Inc.*, 2014 UT App 259, ¶ 6, 338 P.3d 825 (elements required for a breach of fiduciary duty cause of action). Because a "cause of action accrues when the last event necessary to complete the legal claim occurs," damages would indeed have to arise for there to be a cause of action. *Olsen v. Hooley*, 865 P.2d 1345, 1347 (Utah 1993). And once a cause of action accrues, the statute of limitations begins to run. *Id.*

¶11　Quoting *Seale v. Gowans*, 923 P.2d 1361 (Utah 1996), Plaintiffs assert that when Chase Bank garnished the funds, their damages were "in the form of an enhanced risk of future harm," which damages "are not sufficient to start the running of the statute of limitations." *Id.* at 1365 (quotations simplified). But damages of this character are only relevant in personal injury cases where, in rare circumstances, a negligent act may occur but a plaintiff has yet to show symptoms of an injury and is

_____

(…continued)
in the claims asserted by Rowley and National Title. We therefore conclude that the district court did not err in applying its analysis to Rowley's claims as well.

therefore unable to produce evidence of actual or future harm.[4] *See id.* at 1365–66; *Lee v. Williams*, 2018 UT App 54, ¶ 36, 420 P.3d 88; *Riggs v. Asbestos Corp.*, 2013 UT App 86, ¶¶ 14–15, 304 P.3d 61. Thus, damages for an enhanced risk of future injury are intended to reduce the number of speculative claims among plaintiffs facing uncertainty as to whether an injury will arise. *Seale*, 923 P.2d at 1365. The same cannot be said, however, for cases where a plaintiff seeks damages for a financial loss, because there is no occasion for speculation as to whether the plaintiff has suffered an injury.

¶12    Generally, "damages serve the important purpose of compensating an injured party for actual injury sustained, so that she may be restored, as nearly as possible, to the position she was in prior to the injury." *Mahmood v. Ross*, 1999 UT 104, ¶ 19, 990 P.2d 933 (quotation simplified). General damages are those that flow naturally and are a necessary result of a breach or injury. *Id.*; *Cohn v. J.C. Penney Co.*, 537 P.2d 306, 307 (Utah 1975). And a plaintiff who has sustained a financial loss has standing to immediately bring an action to recover its damages once that loss has occurred. Although Plaintiffs assert that Chase Bank's improper release of funds from the Trust Account did not initially harm them, the garnishing of escrowed funds from the Trust Account to satisfy a judgment against National Title is the breach and the proximate cause of the alleged injuries underlying Plaintiffs' claims. Had Chase Bank not released the funds, or had it immediately restored them upon National Title's timely demand, the Trust Account would not have experienced a shortfall and the events of 2013 would not have unfolded. As soon as the improper garnishment occurred, National Title

---

4. Moreover, damages for enhanced risk of future injury are available only when "a plaintiff seeks to recover damages for a possible future injury without having suffered any presently cognizable injury." *Medved v. Glenn*, 2005 UT 77, ¶ 14, 125 P.3d 913.

remained on the hook for those amounts, vis-a-vis its clients to whom the funds belonged, and it immediately had standing, as trustee of the account, to demand restoration of the amounts misappropriated by Chase Bank. Like the district court, we conclude that damages accrued and the statutes of limitations began running on Plaintiffs' claims in 2010 when Chase Bank garnished funds in the Trust Account to satisfy unrelated judgments against National Title.

¶13 Plaintiffs insist that what they seek in this action is not recovery of the garnished funds but rather special or consequential damages for harms that the loss of those funds eventually caused. Special damages and consequential damages, as opposed to general damages, are just "two ways of naming the damages that occur as a natural consequence of the harm," *USA Power, LLC v. PacifiCorp*, 2016 UT 20, ¶ 93 n.128, 372 P.3d 629 (quotation simplified), above and beyond general damages. These terms are "essentially synonymous," with special damages being the term traditionally used in tort law and consequential damages being the term used in contract law. *Id.* Unlike general damages, special or consequential damages "'include items of loss that are more or less peculiar to the particular plaintiff and would not be expected to occur regularly to other plaintiffs in similar circumstances.'" *State v. Corbitt*, 2003 UT App 417, ¶ 20, 82 P.3d 211 (Orme, J., concurring) (quoting Dan B. Dobbs, *Handbook on the Law of Remedies* § 3.2, at 138 (West 1973)).

¶14 Here, First American's lawsuit and termination of its relationship with National Title was perhaps a natural consequence of the loss of $600,000 from the Trust Account, but this is not a loss that would be routinely expected in every case like this one. Quite extraordinarily, in our judgment, the substantial shortfall in the Trust Account went unnoticed by Plaintiffs for almost three years, and upon learning that it would have to reimburse the garnished funds, First American demanded that National Title transfer all escrowed funds in

National Title's possession. It also subsequently terminated its relationship with National Title and brought suit. The unnoticed loss of a significant amount of money, the failure to monitor and diligently superintend those funds, National Title's inability to reimburse First American, and First American filing suit and terminating its relationship with National Title all did eventually happen in this case. But these were not typical results of an improper garnishment, and it is unlikely that these same events would occur in every circumstance where a bank improperly garnishes a trust account. Rather, while being a natural consequence of the events as they unfolded, these events were unique to National Title's situation.

¶15   Of course, in contract actions special or consequential damages are an adjunct to general damages. *Cohn*, 537 P.2d at 308. Special or consequential damages must be pleaded in the same suit as the action claiming general damages.[5] *Seale*, 923 P.2d at 1364 (providing that "once some injury becomes actionable, a plaintiff *must* plead all damages" in one suit) (emphasis in original). And because "a cause of action accrues upon the happening of the last event necessary to complete the cause of action," *Myers v. McDonald*, 635 P.2d 84, 86 (Utah 1981),

---

5. Unlike general damages, which "may be recovered under a general allegation of damage," special or consequential damages must be pleaded with particularity. *Cohn v. J.C. Penney Co.*, 537 P.2d 306, 308 (Utah 1975). *See* Utah R. Civ. P. 9(h). For special damages, a plaintiff "must plead each type of damage specifically so that the opposing party has an adequate opportunity to defend against the plaintiff's claims." *Hodges v. Gibson Products Co.*, 811 P.2d 151, 162 (Utah 1991). And to recover consequential damages, a plaintiff must not only prove that damages were caused by the contract breach but that "they were foreseeable at the time the parties contracted" and that the amount can be proven with reasonable certainty. *Mahmood v. Ross*, 1999 UT 104, ¶ 20, 990 P.2d 933.

general damages are the only damages necessary to complete a cause of action and start the running of the statute of limitations. Moreover, "mere ignorance of the existence of a cause of action" will not toll the statute of limitations. *Id.*

¶16    In sum, the statutes of limitations started to run in 2010 when Plaintiffs sustained the loss of the escrowed funds for which they were responsible—not in 2013 when aspects of their claimed special or consequential damages at last came to fruition. Plaintiffs brought this suit on March 15, 2016, almost six years after the escrowed funds entrusted to them were improperly released from the Trust Account. Because their breach of contract claim is subject to a two-year contractual limitations provision and their breach of fiduciary duty and negligence claims are subject to the general four-year statute of limitations, Plaintiffs' claims are time-barred. *See* Utah Code Ann. § 78B-2-307(3) (LexisNexis Supp. 2017) (providing that "[a]n action may be brought within four years" when "not otherwise provided for by law"); *Lilley v. JP Morgan Chase*, 2013 UT App 285, ¶ 11, 317 P.3d 470 (providing that a negligence claim is subject to the general four-year statute of limitations); *Russell/Packard Dev., Inc. v. Carson*, 2003 UT App 316, ¶ 11, 78 P.3d 616 (providing that a breach of fiduciary duty claim is subject to the general four-year statute of limitations), *aff'd on other grounds*, 2005 UT 14, 108 P.3d 741. For these reasons, the district court properly dismissed Plaintiffs' complaint.

## II. Motion to Amend

¶17    Plaintiffs argue that, because their claims are all timely, the district court erred in denying their motion to amend their complaint. Permission for a party to amend its complaint should be freely given when justice requires. Utah R. Civ. P. 15(a)(2). But "justice does not require that leave be given if doing so would be futile." *Jensen v. IHC Hospitals, Inc.*, 2003 UT 51, ¶ 139, 82 P.3d 1076 (quotation simplified). And "it is well settled that a court may deny a motion to amend as futile if the proposed

amendment would not withstand a motion to dismiss." *Id.* (quotation simplified). Because Plaintiffs' claims are barred by the statute of limitations, a restatement of their claims would not have helped them, and the district court did not err in denying their motion to amend.

CONCLUSION

¶18    We conclude that Plaintiffs' claims for breach of contract, breach of fiduciary duty, and negligence per se are barred by the statutes of limitations. And because these claims are time-barred, the district court did not err in its denial of Plaintiffs' motion to amend. Accordingly, we affirm.

—————