STATE *vs.* BARBARA BOWER.

*Public Officer—Evidence.*

The prosecuting witness, a constable, in order to show his authority for being at the house of the defendant, is not allowed to state that he had an execution in hand. The execution is the only authority; what the witness may say has nothing to do with it. The way to show that he had a right to be there is to produce the paper by which that authority is shown.

(*May 21, 1898.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Peter L. Cooper, Jr.*, Deputy Attorney-General for the State.

*Artemas Smith*, for the defendant.

Court of General Sessions, New Castle County, May Term, 1898.

The defendant was indicted for resisting a public officer. At the trial the State called David W. Cush, the prosecuting witness, who was asked by the Deputy Attorney-General what was the occasion of his going to the house of the defendant. The witness proceeded to state in reply that he had an execution against her husband. Counsel for defendant objected on the ground that the execution, which was the authority of the constable, must be proved by the production of the paper itself and could not be proved by parol testimony.

LORE, C. J:—The execution is his only authority. What the witness may say has nothing to do with it. He says he was authorized and had a right to be there. The defendant says he had not, and the only way to show that he had a right to be there is to produce the paper by which that authority is shown.

The testimony later developed that the prosecuting witness first put his hands upon the defendant, and the State thereupon entered a *nolle prosequi.*