## CHEMACID, S.A., v. FERROTAR CORPORATION.

District Court, S. D. New York.
May 29, 1942.

Abraham L. Pomerantz, of New York City, (Julius Levy and Leonard I. Schreiber, both of New York City, of counsel), for plaintiff.

Solomon Goodman, of New York City, for defendant.

MANDELBAUM, District Judge.

Defendant seeks an order dismissing the complaint and granting judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the ground that said complaint does not state facts sufficient to constitute a cause of action.

Plaintiff, a Belgian corporation, commenced this action against defendant, a New York corporation, for an accounting and to recover certain monies allegedly due it by virtue of an agency agreement between the parties.

Defendant asserts that since Belgian law governs plaintiff's right to institute this action, the complaint fails to state a cause of action, since plaintiff has failed to plead Belgian law.

Defendant's contention is without merit. Foreign law must be pleaded where the cause of action relied on is based upon that law. Keaseby & Mattison v. Rothensis, D.C., 1 F.R.D. 626. In the case at bar, the complaint sets forth a simple cause of action for an accounting and is not based upon any rights accruing to the plaintiff by virtue of the laws of Belgium.

This is purely a matter of pleading and is governed by the Federal Rules of Civil Procedure, more particularly Rule 9 (a), which deals with capacity to sue. Rule 9(a) specifically provides that the capacity authority of a party to sue need not be averred. It further provides that lack of capacity is an affirmative defense which must be raised by answer. Having failed to assert it by motion prior to answer or.in the answer itself, defendant must be held to have waived its objection. See Rule 12(b) of the Federal Rules of Civil Procedure.

Accordingly, defendant's motion is denied. Settle order on notice.