283 So.2d 178

Earl R. SCROGGINS

v.

**ALABAMA STATE BOARD OF PHARMACY.**

Civ. 21.

Court of Civil Appeals of Alabama.

Sept. 19, 1973.

Mylan R. Engel, Mobile, for appellant.

Hamilton, Butler, Riddick & Latour, Mobile, for appellee.

BRADLEY, Judge.

On January 15, 1971, the Alabama State Board of Pharmacy, appellee here, found that appellant here, a licensed pharmacist assistant, had violated Act No. 205, Acts of Alabama 1966, Special Session, p. 231, and the rules promulgated by it pursuant to said Act. From said determination appellant appealed to the Circuit Court of Mobile County for a trial de novo.

Upon the perfection of said appeal, the Board of Pharmacy filed a two count complaint against appellant alleging in Count One that he had violated Section 15 of Act No. 205, *supra*, and in Count Two alleging that appellant had violated Rule 6, which had previously been adopted by the Board pursuant to the authority extended to it by Act No. 205, *supra*.

After a trial before the court sitting without a jury, there were special findings of fact in which the court found that appellant had violated Section 15 of Act No. 205 and Rule 6 of the Board's promulgated rules. Appellant was fined $100 and placed on one year's probation with the admonition not to violate any of the Board's rules during that time. From that judgment appellant has appealed to this court.

The evidence showed that appellant is a licensed pharmacist assistant in Alabama and is authorized to practice pharmacy in this State so long as he is under the supervision of a licensed pharmacist. The appellant was employed at Central Drug Company in Mobile, Alabama, but on November 18, 1970 he was hired by Jimmy Herring to operate McMillan Drug Company, also located in Mobile, for that day while Herring attended a seminar in Auburn, Alabama. The testimony reflects that the appellant filled prescriptions all that day without the presence of a licensed pharmacist. There was testimony that appellant was in telephone contact with Phil August who is a licensed pharmacist but who remained at another drug store on the day in question. The evidence is undisputed that no sign giving the name, address and telephone number of the supervising pharmacist or the alternate licensed pharmacist was displayed on or near the prescription counter in McMillan Drug Company on November 18, 1970.

In support of his appeal, appellant has assigned seven errors on the part of the trial court. The first three assignments were not argued and are deemed waived. Purvis v. Ennis, 258 Ala. 174, 61 So.2d 451.

The fourth assignment of error contends that the trial court's judgment is contrary to the provisions of Act No. 205, i. e., Sections 1 through 32, which, in effect is the entire Act. Included in this Act are provisions for the regulation of pharmacies and pharmacists, as well as assistant pharmacists. The provisions, other than the ones relating to assistant pharmacists, are not related to this proceeding.

We consider such an assignment to be like the assignment, "the verdict is contrary to the law in the case," which has been held to be a general assignment of error. A general assignment of error is ineffective to challenge a trial court's judgment. Birmingham Loan Co. v. Klinner, 39 Ala.App. 125, 95 So.2d 402. We consider the fourth assignment to be a general assignment of error that presents no specific ruling of the trial court for review by this court, and it will not be considered.

The fifth assignment of error contends that the trial court's judgment is contrary to the provisions of Rule 6 of the Board's promulgated rules.

Rule 6 provides, in pertinent part, as follows:

"In the event a licensed pharmacist who is supervising an assistant has left the premises, a sign shall be posted in a prominent place on the prescription counter, easily viewed by the public giving the pharmacist's name, the hours he will be away from the premises, and the address and telephone number where he can be reached; or, if an alternative su-

pervising pharmacist is being used, the sign shall give the pharmacist's name, address and telephone number where he can be reached. . . ."

Appellant, in brief, states that he did not violate Rule 6; however, his argument in support of the fifth assignment of error appears to be directed solely to the proposition that Rule 6 is outside the bounds of the Board's rule making authority and therefore invalid. The rule being invalid, appellant could not be in violation of it.

The appellee counters by saying that Rule 6 is a valid exercise of the Board's authority to promulgate rules for the implementation of Act No. 205, *supra.*

Appellee further says that the evidence clearly shows that appellant failed to comply with Rule 6—appellant concedes that he did not comply—hence there was a violation of it.

The Legislature, in Act No. 205, gave to the Board of Pharmacy the power to "adopt rules and regulations for the administration and enforcement of this Act and not inconsistent herewith," but in so doing, the Board was not authorized to intrude into the legislative sphere by adopting regulations exceeding the bounds thus declared.

■ It appears to this court that Rule 6 was adopted for the purpose of implementing Section 9 of Act No. 205, *supra.* Section 9 provides, in pertinent part, as follows:

". . . Any bona fide resident of this State who shall furnish proof to the Board . . . shall be issued an assistant's certificate which will authorize him to practice pharmacy in this State provided that it shall be under the supervision of a licensed pharmacist at all times, and such person shall be subject to all of the provisions of this Act governing the practice of pharmacy in this State . . . . As used in the preceding, the term 'supervision' shall be construed to mean that the supervising li-

censed pharmacist shall be either personally present or on call and available for consultation at all times, or a licensed pharmacist designated by the supervising licensed pharmacist shall be either personally present or on call and available for consultation at all times."

In the first section of Act No. 205, *supra,* the Legislature declared that the regulation of the practice of pharmacy was in the public interest and that such interest would be better served by assuring that only qualified persons compound and dispense drugs and medicines. There was also provided in that same Act that licensed pharmacist assistants would be permitted to practice pharmacy so long as it was done under the supervision of a licensed pharmacist. See Section 9, *supra.* "Supervision" in said Act was defined to mean that the supervising pharmacist would be personally present or on call or an alternative licensed pharmacist designated by the supervising pharmacist must be personally present or on call and available for consultation.

Rule 6 merely provides that the name, address and telephone number of the supervising pharmacist or the alternative pharmacist must be displayed at the prescription counter so that the public will be informed that only an assistant pharmacist is on duty and available for filling prescriptions.

Compliance with such a requirement informs the public that they are dealing only with an assistant and should they wish not to have their prescriptions filled by an assistant, they can contact the registered pharmacist.

We do not find that this aspect of Rule 6 exceeds the authority reposed in the Board of Pharmacy, nor do we find that such requirement intrudes into the legislative sphere of authority.

■ Now, as to the contention that appellant did not violate Rule 6, we would observe that this case was tried before the

court sitting without a jury and in such a situation the court's judgment is given the same weight as a jury verdict. For this court to set aside such a judgment, it must appear that said judgment is plainly and palpably contrary to the evidence heard by said court. Royal Indemnity Co. v. Pearson, 287 Ala. 1, 246 So.2d 652. In this instance, we cannot say that the judgment declaring that appellant violated Rule 6 is plainly and palpably contrary to the evidence.

It is without dispute that no sign was displayed on the prescription counter nor anywhere in that vicinity giving the name, address and telephone number of the supervising pharmacist or the alternative pharmacist. We find no error in regard to the trial court's order relating to Rule 6.

The seventh assignment of error provides that the trial court's order is contrary to Section 9 of Act No. 205, *supra.* Appellant, in brief, argues that he was not in violation of Section 9 for the reason that he was being supervised by several registered pharmacists in Mobile, as required, on the day that he worked at the McMillan Drug Company.

Assignment seven and the argument offered in support thereof presents nothing for review by this court for the reason that the complaint does not charge nor does the trial court's order find that appellant violated Section 9 of Act No. 205, *supra.*

The complaint charged that appellant violated Section 15 of Act No. 205, *supra,* and Rule 6 of the Pharmacy Board Rules. The judgment of the trial court was that appellant had violated Section 15 and Rule 6 as charged.

█ Only adverse rulings of a trial court clearly and concisely pointed out can be presented as error for review by this court. Clark v. Hudson, 265 Ala. 630, 93 So.2d 138.

█ The trial court did not find appellant guilty of violating Section 9 of Act No. 205, *supra,* and, since there was no ruling of the trial court involving Section 9, Assignment seven presents nothing for review. State v. McDaniel, 285 Ala. 310, 231 So.2d 878.

In his sixth assignment of error appellant says that the trial court erred in overruling objections to the following questions:

"Q  All right, now, you two were called before the Board, were you not?

"A  Yes, sir.

"MR. ENGEL: I object. This is improper cross examination. It didn't come out on direct examination.

"(Whereupon, Mr. Latour presented legal argument to the Court; Mr. Engel presented legal argument to the court; after which the Court had this to say:)

"THE COURT: Overruled.

"MR. ENGEL: We except.

"BY MR. LATOUR:

"Q  Were you in fact brought up before the Board, sir?

"A  Yes, sir.

"Q  Can you tell us what you were brought up before the Board for?

"A  For leaving my drug store without (sic) an unregistered pharmacist on duty.

"Q  For leaving with a registered pharmacist on duty?

"A  For leaving without an unregistered —leaving without a registered pharmacist on duty.

"Q  I see. And were you at this hearing at the same time Mr. Scroggins was on January 1971?

"A  Well, I was at the hearing, but it was held separate. We weren't in the room at the same time.

"Q All right, sir. And the Board took action against you?

"A Yes—

"MR. ENGEL: May I have a continuing objection to this line of questions? What action they took on him has no bearing on this case.

"THE COURT: Overruled.

"MR. ENGEL: We except."

As to the first objection that the questions asked were improper cross-examination for the reason that the subject matter had not been brought out on direct examination, no basis for reversal exists therefor.

 The Supreme Court of Alabama has repeatedly held that the English rule of cross-examination applies in the trial of cases in this State. Coward v. McKinney, 277 Ala. 513, 172 So.2d 538; Madden v. State, 40 Ala.App. 271, 112 So.2d 796, cert. den. 269 Ala. 697, 112 So.2d 800. Also see 3 McElroy on Evidence in Alabama, Sec. 438.01, p. 250. This rule provides that the cross-examiner is not limited to matters brought out on direct examination but may inquire into any relevant matter that pertains to the particular case before the court.

The second objection made by appellant, which he now says the trial court erred in overruling, raised, in effect, the question of the relevancy of the matters being elicited from the witness. Appellant argues that the proceeding before the Circuit Court was de novo, hence appellee had no right to ask the witness about the proceedings before the Board in which he was involved. In reply, appellee says the questions were asked of the witness to show bias on his part.

■ A trial court has the power to allow or disallow proof of facts showing bias or the extent thereof. Williams v. State, 44 Ala.App. 503, 214 So.2d 712. It appears from the above quoted portion of the record that the appellee was trying to bring out testimony showing that the witness was biased. This being the situation, the trial court was not in error in overruling the objection to such questions.

No reversible error having been argued, this case is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.