The plaintiff, James E. Fields, filed a complaint in the Circuit Court of Jefferson County seeking damages in the amount of $50,000 from the defendants, Gardendale Subaru Motors, Inc., a corporation; Gardendale Motors, Inc., a corporation; and Sam Raine and Walter Maddox, a partnership d/b/a Gardendale Motors, Inc. The complaint charged that the defendants fraudulently represented that a 1972 Subaru station wagon automobile purchased by plaintiff was a demonstrator subject to a new car warranty and had never been sold, when, in fact, none of these representations were true. Defendants answered by denying the allegations of the complaint. Trial was had before the court and a jury and a verdict was returned in plaintiff's favor for $3,300. Judgment was entered in conformity with the verdict.
Defendants' motions for directed verdict and judgment n.o.v. were denied; a motion for new trial was granted conditionally. The trial court ordered a remittitur of $3,000, thereby reducing the judgment to $300; with a new trial to be held upon failure to remit. Plaintiff declined the remittitur and a new trial date was set.
The civil trial docket sheet and the minute entry reflect that on the day set for the new trial, i.e., January 5, 1976, the parties informed the court that they had agreed upon a settlement in the amount of $2,300 to be paid by defendants to plaintiff by noon January 7, 1976. It was further provided by agreement that should defendants fail to pay plaintiff said sum of money on the aforementioned date, the court was to enter a judgment against defendants and in favor of plaintiff for $3,300 and court costs.
On January 7, 1976 the records of the trial court reflect that the parties again appeared in court through their respective attorneys and informed the court that defendants had not paid the $2,300 to plaintiff. According to these same records the court, upon being informed that the settlement amount had not been paid, entered judgment for plaintiff and against defendants for the sum of $3,300 as previously agreed by the parties.
Sam Raine, one of the defendants, acting through his attorneys, filed a motion pursuant to Rule 60 (b) ARCP, asking the court to set aside the $3,300 judgment for the reason that a mistake had been made in the amount of the judgment. This motion was overruled by the court on March 19, 1976.
Sam Raine then filed another motion which, in essence, was again a 60 (b) motion. At the same time he also filed a motion asking the court to clarify and strike from the judgment of January 7, 1976 the defendants "Sam Raine and Walter Maddox, a partnership d/b/a Gardendale Motors, Inc." As a basis for this motion Raine alleged that plaintiff could not designate a defendant as a corporation and partnership simultaneously. The court denied these two motions on April 19, 1976; the appeal is from this action of the trial court. *Page 1359 
Defendants argue in brief that they did not consent to the $3,300 judgment entered by the court on January 7, 1976, nor was there a written consent for the entry of such a judgment filed in the record; therefore the court erred in rendering such a judgment. They also say that the use of the words, "Sam Raine and Walter Maddox, a partnership d/b/a Gardendale Motors, Inc." referred to the corporation and not to them individually or as a partnership, and, in fact, the words were really surplusage, for the real entity being sued was the corporation. They suggest error by the court in its refusal to change the judgment to reflect only the corporate entity as being the real defendant.
As to defendants' first contention, the granting or refusal of a 60 (b)(1) motion is discretionary with the trial court subject to review only for abuse thereof. Modernage Homes v.Wooldridge, 55 Ala. App. 68, 313 So.2d 190. We conclude in the present case that the trial court did not abuse its discretion in overruling the 60 (b)(1) motion.
A judgment entry speaks absolute verity. Ex parte McDermott,224 Ala. 684, 141 So. 659. And, such entry is the solemn recital of the court which is the basis for its judgment and is not self-correcting. Gossett v. Pratt, 250 Ala. 300,34 So.2d 145.
In the case at bar the minute entry recites that the parties agreed to the entry of a judgment for $3,300 in favor of plaintiff in the event that a lesser amount was not paid by defendants. The minute entry further reflects that the smaller sum was not paid and a judgment for $3,300 was entered. The record contains no evidence in support of the 60 (b)(1) motion to refute the pronouncements of the trial court's minute entry. In that posture we have no alternative but to accept the recital in the minute entry that the parties consented for a judgment of $3,300 to be rendered against the defendants. The trial court did not abuse its discretion in overruling the 60 (b)(1) motion.
As to defendants' contention that the trial court erred in refusing to grant its motion to have the minute entry reflect that a judgment had been rendered only against the corporate entity and not against the partnership or the two individuals, we conclude that said motion was filed too late to be considered.
Rule 9 (a) ARCP provides, in part, as follows:
 "It is not necessary to aver the capacity of a party to . . . be sued . . . When a party desires to raise an issue as to the legal existence of any party . . to . . . be sued . . . he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."
The Committee Comments made to Rule 9 suggest that objections to lack of capacity to be sued should be set out in the answer to the complaint. The federal cases suggest, however, that if the issue of lack of capacity to be sued is properly framed on the face of the pleadings, such a defense can be presented by a motion to dismiss for failure to state a claim upon which relief can be granted, a motion to strike, or a motion for judgment on the pleadings. Klevanow v. New York ProduceExchange, 344 F.2d 294 (2d Cir. 1965); Kucharski v. Pope Talbot, Inc., 4 F.R.D. 208 (S.D.N.Y. 1944). But the federal cases also hold generally that unless the lack of capacity issue is raised at least in the answer, it is waived. 5 Wright Miller, Federal Practice and Procedure: Civil § 1295; Carverv. Hooker, 369 F. Supp. 204 (D.C.N.H. 1973), aff'd. on other grounds 501 F.2d 1244 (1st Cir. 1974).
In view of the Committee Comment to our Rule 9 (a), it would appear that the drafters of the Alabama Rules of Civil Procedure intended that the defense of lack of capacity be raised no later than the answer stage of the proceedings. However, in the case at bar, the issue was not raised until after judgment had been rendered by the court and after several post-judgment motions had been disposed of. Consequently we conclude that the defense of lack of capacity to be sued came much too late to be considered by the trial court. *Page 1360 
The issues raised on this appeal not being sufficient enough to warrant a reversal, the judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.