THE CASE
On March 16, 1978, the Mobile County Circuit Court entered judgment on a jury verdict against Alabama Power Company ("APCo" hereinafter), appellant herein, for $50,000 in favor of plaintiff, appellee herein, Brenda Kaye White. APCo's motion for judgment notwithstanding the verdict or in the alternative motion for a new trial was denied June 28, 1978. Appellant APCo takes this appeal from the judgment entered on the jury's verdict of March 16, 1978, and the court's order of June 28, 1978, denying APCo's motions for a new trial and for judgment notwithstanding the verdict, alleging: (1) that proof of dependency is an essential element of a plaintiff's prima facie case under Code 1975, § 25-5-11, rather than an issue of capacity which, under 9 (a), ARCP, plaintiff need not offer proof of until the defendant places capacity in issue by specific negative averment; (2) that the trial court erred by refusing to grant APCo's post judgment motions; (3) that the court erred by advising the jury he was reading his instructions from a specific case to which the present appellant APCo was a party; (4) that the trial court erred by giving certain specific instructions; and (5) that the trial court erred in denying APCo's motion for a mistrial which was based on alleged insinuations by opposing counsel that a witness's testimony was bought and paid for.
 THE FACTS The facts which gave rise to the cause of action below are as follows: At about 7:00 a.m. on the morning of July 28, 1975, four employees of Frito-Lay, Inc., who were subject to the Alabama Workmen's Compensation Act, set about to move a 51'-1" grain auger away from a grain storage bin so that they would be able to lay the forms for a cement platform around that grain bin. The grain auger, which is a type of elevator used to pour grain into the top of storage bins, was a portable one which was moved from bin to bin as the needs of the farm required. The equipment used inside these grain bins to dry the grain was supplied with electricity by APCo through an uninsulated 7200-volt wire which was at its lowest point 27 feet, 8 inches above the ground and at its closest point had a horizontal clearance from the bins of 10'-8". The parties agreed that the National Electrical Safety Code ("NESC") is the universally accepted standard followed by suppliers of electricity, but there was disagreement as to whether or not APCo breached the NESC by providing the electricity to these bins in the manner in which it did. The evidence was also in dispute as to whether or not the electricity could have been provided in a safer manner through the use of an underground feed, insulation or a fuse.
While the grain auger was being moved, it came into contact with the uninsulated wire and electrocuted Jerry Thomas White.
 ISSUE NO. I
Does "dependents," as used in Code 1975, § 25-5-11 (a), require proof by the plaintiff as an essential element of her prima facie case that she is a dependent of the deceased employee, or does this term have reference to the capacity of a party to bring the action, thus freeing plaintiff from specific proof that she is a dependent until this fact is challenged by the defendant by specific negative averment? *Page 932 
Black's Law Dictionary, citing Braden v. Neal, 132 Kan. 387,295 P. 678 (1931), states: "Capacity to sue consists in right to come into court." Black's Law Dictionary (4th ed. 1968) p. 261. An application of this definition to the wording of §25-5-11 (a) provides insight toward the resolution of Issue No. I. The very wording of this statute which gives "dependents" the right to "proceed against the employer to recover compensation under this chapter or . . bring an action against such other party to recover damages for such injury or death" follows closely the language used in Black's to define capacity. Code 1975, § 25-5-11 (a), reads in part:
 Where the injury or death for which compensation is payable under this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, whether or not such party is subject to the provisions of this chapter, THE EMPLOYEE, OR HIS DEPENDENTS in case of his death, MAY PROCEED AGAINST
THE EMPLOYER TO RECOVER COMPENSATION under this chapter OR may agree with the employer upon the compensation payable under this chapter, and, at the same time, MAY BRING AN ACTION AGAINST SUCH OTHER PARTY to recover damages for such injury or death, and the amount of such damages shall be ascertained and determined without regard to this chapter; provided, however, that neither an officer, director, agent, servant or employee of the same employer nor his personal representative nor any workmen's compensation insurance carrier of the employer nor any officer, director, agent, servant or employee of such carrier nor any labor union or any official or representative thereof making a safety inspection for the benefit of the employer or its employees shall be considered a party other than the employer against whom such an action may be brought.
Code 1975, § 25-5-11 (a) (emphasis added).
The Court of Civil Appeals of Alabama interpreted Code 1940, Tit. 26, § 312 (the predecessor of Code 1975, § 25-5-11), as a statute whose purpose was to confer upon the dependents of a deceased employee the CAPACITY to bring suit in his behalf under certain circumstances:
 SECTION 312 ONLY EXTENDED THE RIGHT TO BRING SUCH ACTION TO DEPENDENTS OF A DECEASED, who met his death by accidental injury while within the course of his employment and granted to the employer subrogation rights for compensation paid or due. Previous to Section 312 only the administrator of the deceased's estate could bring a wrongful death action. Title 7, Section 123, 1940 Code of Alabama. SINCE THE ENACTMENT OF SECTION 312, if an employee covered by Workmen's Compensation met his death due to an act of a negligent third party and has dependents as defined under Workmen's Compensation, THE RIGHT TO BRING AN ACTION FOR WRONGFUL DEATH IS VESTED IN THE DEPENDENTS and not in a personal representative under Title 7, Section 123. Robinson v. Western Railroad of Alabama, 243 Ala. 278, 9 So.2d 885. Thus Title 26, Section 312, and Title 7, Section 123 are construed together. IF THE DECEASED IS AN EMPLOYEE COMING WITHIN THE PROVISIONS OF WORKMEN'S COMPENSATION AND HAS DEPENDENTS, ANY ACTION FOR HIS WRONGFUL DEATH AGAINST A NEGLIGENT THIRD PARTY MUST BE BROUGHT BY HIS DEPENDENTS under Title 26, Section 312.
Baggett v. Webb, 46 Ala. App. 666, 674, 248 So.2d 275, 282
(1971) (emphasis added).
The Supreme Court of Alabama gave the same interpretation to Code 1940, Tit. 26, § 312, the predecessor of Code 1975, §25-5-11 (a), as did the Court of Civil Appeals: "SECTION 312, TITLE 26, CODE OF ALABAMA 1940, GIVES TO THE DEPENDENTS of an employee killed under circumstances creating liability against a third party A RIGHT TO BRING AN ACTION against such third party." Nicholson v. Lockwood Greene Engineers, Inc., 278 Ala. 497,499, 179 So.2d 76, 78 (1965) (emphasis *Page 933 
added). In Liberty Mutual Ins. Co. v. Lockwood GreeneEngineers, Inc., 273 Ala. 403, 140 So.2d 821 (1962), this court again referred to the predecessor of the statute at issue in the instant case in terms which sound very much like capacity: "Moreover, THE RIGHT IN THE DEPENDENTS OF THE DECEASED EMPLOYEE TO MAINTAIN AN ACTION for wrongful death under said § 312 within the time provided by law could not be assigned by the widow to the appellant. A right of action for wrongful death is not assignable." 273 Ala. at 407, 140 So.2d at 824 (emphasis added).
Appellant APCo insists, without citing authority which so holds, that Code 1975, § 25-5-11 (a), by the phrase "the employee, or his dependents in case of his death, may proceed against the employer" is not conferring on the dependents CAPACITY to bring suit, but instead adding the substantive element of dependency to the proof which plaintiff must adduce to establish a prima facie case under this section of the Alabama Workmen's Compensation Act. Appellant argues in its brief, and we agree, that in Alabama there is but one cause of action for wrongful death, i.e., Code 1975, § 6-5-410.Nicholson v. Lockwood Greene Engineers, Inc., 278 Ala. 497,179 So.2d 76 (1965). In other words § 25-5-11 (a) gives to the dependents of an employee killed under circumstances creating liability against a third party a right to commence an action against such third party, but such action, when commenced must be deemed to arise under § 6-5-410. Nicholson, supra. Appellant then urges this court to adopt the Massachusetts position advanced in Melnik v. Perwak, 295 Mass. 512, 4 N.E.2d 329
(S.D.Ct.Mass. 1936), where that court holds: "The administrator to recover for the death of the intestate due to the negligent operation of a motor vehicle upon the ways of the Commonwealth must show as a condition precedent to the existence of the right of action that he was appointed administrator." Melnik, 4 N.E.2d at 330-331.
Appellant argues by analogy that since an administrator must prove his capacity before bringing suit under the Massachusetts wrongful death statute, so must a dependent prove his dependency before bringing an action under § 25-5-11 (a), and a general denial places such capacity in issue. The problem with appellant's analysis is that under Alabama law an administrator or personal representative is not required to prove his capacity as such before bringing a wrongful death action, so long as the administrator alleges in the complaint that he is the proper party to bring the action and the defendant does not specifically deny his capacity. Even before the adoption of the ARCP, the law in this state was that proof of capacity was not required until capacity was challenged and that a plea to the merits which did not challenge capacity waived that defense.
 The general issue in cases of the class under consideration, apart from our statute, puts in issue only the facts alleged against the defendant, as to its duty to the plaintiff's intestate and its conduct in violation of that duty. . . . It has never been supposed that the statute, to which we have referred, enlarged the office of this plea; and on the contrary, we apprehend the general understanding to have been, and such has certainly been the practice, that this form of defense goes only in traverse of the misconduct, resulting in injury, which the complaint imputes to the defendant, the facts out of which the liability arises, and not in denial of the plaintiff's right to enforce the liability if it existed at all. Certain it is, in this case, that the plaintiff's capacity to sue, her title to maintain the action, could only be put in issue by a plea of ne unques administrator, and that by pleading the general issue, the defendant admitted the capacity and title stated in the complaint, which was, as we have endeavored to show, that of administratrix of the deceased employe's estate [citations omitted]. The fact, therefore, that the plaintiff offered no proof of her representative capacity affords no ground to impute error to the trial court. *Page 934 
Louisville and Nashville Railroad Co. v. Trammell, 93 Ala. 350,353, 9 So. 870, 872 (1890). Accord, City of Prichard v. Geary,268 Ala. 243, 246, 105 So.2d 682 (1958); Nunn Battery Co. v.Battery Mfg. Co., 239 Ala. 96, 98, 194 So. 182 (1940);Prestwood v. Ivey, 275 Ala. 336, 154 So.2d 921 (1963); City ofMobile v. Lee, 274 Ala. 344, 148 So.2d 642 (1963).
In Dobson v. Neighbors, 228 Ala. 407, 153 So. 861 (1934), Justice Foster succinctly stated the law of Alabama in this regard:
 When the general issue is pleaded in an action of this sort, and no such leave is granted, and there is no special plea denying the existence of the representative capacity, in which the plaintiff sues, NO ISSUE IS THEREBY MADE REQUIRING PROOF OF THAT RELATION.
228 Ala. at 408, 153 So. at 861 (emphasis added).
Rather than putting the plaintiff to her proof by raising this issue in its answer, or challenging plaintiff's case on the ground that it lacked the essential element of dependency, appellant waited until after trial when it moved for judgment notwithstanding the verdict on the ground that plaintiff had failed to prove that she was a dependent to whom § 25-5-11 (a) gave the right to proceed against the employer.
Rule 9 (a), ARCP, provides that a party need not prove his capacity to bring an action until that capacity is challenged.
 IT IS NOT NECESSARY TO AVER THE CAPACITY OF A PARTY TO SUE OR BE SUED or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party. WHEN A PARTY DESIRES TO RAISE AN ISSUE AS TO THE LEGAL EXISTENCE OF ANY PARTY OR THE CAPACITY OF ANY PARTY TO SUE or be sued or the authority of a party to sue or be sued in a representative capacity, HE SHALL DO SO BY SPECIFIC NEGATIVE AVERMENT, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.
Rule 9 (a), ARCP (emphasis added).
Appellant attempts to reframe the issue of capacity as an issue of whether or not plaintiff failed to prove an essential substantive element of her prima facie case, i.e., dependency. In its brief, appellant argues: "Although the Alabama Supreme Court has not been called upon to decide this specific question, there is compelling authority in other jurisdictions to the effect that at a bare minimum, the surviving widow must prove the existence of the marriage to meet her burden of proof." Gamez v. Industrial Commission, 114 Ariz. 179,559 P.2d 1094 (1977); Booker v. James Spence Iron Foundry, Inc.,80 N.J. Super. 68, 192 A.2d 860 (1963); Peart v. T.D. Bross LineConstruction Co., 45 A.D.2d 802, 357 N.Y.S.2d 53 (S.Ct. 1974); and Winder v. Consolidated Underwriters, 107 F.2d 973 (5th Cir. 1940). Each of the above cases supports, in part, the proposition for which appellant cites them. We agree with these authorities, with the qualification that the burden on the surviving widow to prove the existence of her marriage, i.e., her capacity to bring the action, does not arise until such capacity is put into issue by specific negative averment. ARCP 9 (a). Each of the cases cited above by the appellant comports with the qualification which we added to the proposition for which appellant cited those cases. In each case the capacity of the widow was put in issue by the defendants and the question of capacity was fully explored at trial. None of the cases cited above stands for the proposition that a defendant can gamble on a favorable verdict by not raising the issue of capacity at trial, and if the favorable verdict is not forthcoming, then demand a judgment notwithstanding the verdict because the plaintiff failed to affirmatively prove her capacity to bring the suit. The very language of the Gamez
opinion relied on by the appellant elucidates the fundamental problem with allowing appellant to raise this new issue in its motion for judgment notwithstanding the verdict:
 The Commission must observe fundamental principles of justice in proceedings *Page 935 
before it, and if petitioner had received no notice at all that the issue at the hearing was to be the validity of her alleged Mexican marriage fundamental principles of fairness might well have been offended. [Citations omitted.]
Gamez, 559 P.2d at 1097.
Rule 9 of ARCP did not change but rather adopted the rule in regard to capacity which prevailed in this state prior to the effective date of ARCP. In Gardendale Subaru Motors, Inc., v.Fields, 345 So.2d 1357 (Ala.Civ.App. 1976), the Court of Civil Appeals held that when the issue of capacity is not raised until after judgment has been rendered at trial then the issue has been raised too late to be considered by the trial court and thus too late to be raised on appeal.
 The Committee Comments made to Rule 9 suggest that objections to lack of capacity to be sued should be set out in the answer to the complaint. The federal cases suggest, however, that if the issue of lack of capacity to be sued is properly framed on the face of the pleadings, such a defense can be presented by a motion to dismiss for failure to state a claim upon which relief can be granted, a motion to strike, or a motion for judgment on the pleadings. Klebanow v. New York Produce Exchange, 344 F.2d 294 (2d Cir. 1965); Kucharski v. Pope Talbot, Inc., 4 F.R.D. 208
(S.D.N.Y. 1944). But the federal cases also hold generally that unless the lack of capacity issue is raised at least in the answer, it is waived. 5 Wright Miller, Federal Practice and Procedure:
Civil § 1295; Carver v. Hooker, 369 F. Supp. 204
(D.C.N.H. 1973), aff'd on other ground 501 F.2d 1244
(1st Cir. 1974).
 IN VIEW OF THE COMMITTEE COMMENT TO OUR RULE 9 (a), IT WOULD APPEAR THAT THE DRAFTERS OF THE ALABAMA RULES OF CIVIL PROCEDURE INTENDED THAT THE DEFENSE OF LACK OF CAPACITY BE RAISED NO LATER THAN THE ANSWER STAGE OF THE PROCEEDINGS. HOWEVER, IN THE CASE AT BAR, THE ISSUE WAS NOT RAISED UNTIL AFTER JUDGMENT HAD BEEN RENDERED BY THE COURT AND AFTER SEVERAL POST-JUDGMENT MOTIONS HAD BEEN DISPOSED OF. CONSEQUENTLY WE CONCLUDE THAT THE DEFENSE OF LACK OF CAPACITY TO BE SUED CAME MUCH TOO LATE TO BE CONSIDERED BY THE TRIAL COURT.
Gardendale Subaru Motors, Inc., v. Fields, 345 So.2d 1357, 1359
(Ala.Civ.App. 1976) (emphasis added). This court held in Smithv. Wilcox County Board of Education, 365 So.2d 659, 661 (1978), that there is a presumption that cases construing the Federal Rules of Civil Procedure are authority for construction of the Alabama Rules of Civil Procedure. The federal cases are uniform in holding that Rule 9 (a) "specifically provides that the capacity [or] authority of a party to sue need not be averred. It further provides that lack of capacity is an affirmative defense which must be raised by answer. Having failed to assert it by motion prior to answer or in the answer itself, defendant must be held to have waived its objection." Chemacid, S.A. v.Ferrotar, 3 F.R.D. 45 (S.D.N.Y. 1942).[1] Appellant argues in its reply brief and at oral argument that its general denial or general demurrer places at issue every aspect of plaintiff appellee's case including whether or not she was a dependent entitled to bring this action under § 25-5-11 (a). A general denial, such as the one in the instant case does not meet the requirement of Rule 9 (a) *Page 936 
that capacity must be challenged by specific negative averment.[2]
In resolving Issue No. I, we hold that § 25-5-11 (a) by the phrase "the employee, or his dependents in case of his death, may proceed against the employer" gives to the dependents CAPACITY to bring suit against the employer under certain circumstances. We hold that dependency is capacity under §25-5-11 (a) which must be denied by the defendant by specific negative averment and that in the instant case APCo's motion for judgment notwithstanding the verdict raised the issue too late for it to be considered by the trial court and thus the trial court did not err in denying this motion.
 ISSUE NO. II
Did the trial court err in submitting the question of negligence to the jury rather than granting APCo's motions for directed verdict, judgment notwithstanding the verdict and new trial?
The law of Alabama requires that "[w]hen proof in a negligence suit reveals a state of facts, whether controverted or not, from which different inferences and conclusions may be reasonably drawn, the resolution of the question is one for the jury. The jury's verdict will not be disturbed, [unless] plainly erroneous or manifestly unjust." (Citations omitted).Land v. Niehaus, 340 So.2d 760 (Ala. 1975); Horn v. Smith,292 Ala. 503, 296 So.2d 719 (1974). See also Plyworld, Inc., v. St.Paul Fire and Marine Ins. Co., Inc., 351 So.2d 1363 (Ala. 1977). "[A] question must go to the jury, if the evidence, or any reasonable inference arising therefrom, furnishes a mere gleam, glimmer, spark, the least particle, the smallest trace, or a scintilla in support of the theory of the complaint."Dixie Electric Company v. Maggio, 294 Ala. 411, 318 So.2d 274
(1975); Kilcrease v. Harris, 288 Ala. 245, 259 So.2d 797
(1972); Western Railway of Alabama v. Still, 352 So.2d 1092
(Ala. 1977). Appellant argues that the question of negligence should be taken from the jury because of the absence of evidence that APCo was negligent. The record simply does not support appellant's assertion. Owen Posey, the plaintiff's expert, testified that the uninsulated wire which electrocuted plaintiff's decedent could have been made safe through the use of insulation, a fuse, or an underground feed. Claude Lipscombe, the local manager for APCo at Bayou La Batre, testified that the uninsulated power line constituted a dangerous and unsafe condition because of the possibility that someone would move the portable grain auger into the wire. Lipscombe also testified that he did not notify anyone of the dangerous condition because it was not his job. Plaintiff clearly produced at trial a scintilla of evidence which supported his theory of negligence; thus the question of negligence was properly submitted to the jury.
Appellant relies on the "open and obvious danger" doctrine in arguing that appellee's decedent was contributorily negligent as a matter of law and thus it was error to submit the issue of contributory negligence to the jury. In Kingsberry Homes Corp.v. Ralston, 285 Ala. 600, 235 So.2d 371 (1970), this court set forth the three elements of contributory negligence as follows:
 It is settled that contributory negligence in an invitor-invitee situation requires not only knowledge of the dangerous condition but also an appreciation of the danger and a want of due care.
285 Ala. at 607, 235 So.2d at 377.
Justice Bloodworth, speaking for this court, held that whether these elements were present is a question for the jury. In reference to this court's decision in F.W. Woolworth Co. v.Bradbury, 273 Ala. 392, 140 So.2d 824 (1962), he stated:
 We held there was no reversible error in the denial of the affirmative charge, again noting that mere knowledge of the dangerous condition, absent appreciation of its danger, does not constitute contributory negligence. We said there, "We have long been committed to the proposition that the plaintiff's appreciation of *Page 937 
the danger is, almost always, a question of fact for the determination of the jury."
Kingsberry Homes Corp. v. Ralston, 285 Ala. 600, 607,235 So.2d 371, 377 (1970). We hold, in accord with the mandate ofKingsberry Homes, that the issue of contributory negligence, particularly with regard to the element of plaintiff's appreciation of the danger, is one for the jury.
 ISSUE NO. III
Did the trial court commit reversible error in advising the jury in its oral charge that it was reading from the case ofAlabama Power Co. v. Mosley, 294 Ala. 394, 318 So.2d 260
(1975)?
The specific oral charge to which APCo objected and raised as its third assignment of error reads as follows:
 For the record, I will state that what I am about to read is from the case of Alabama Power Company vs Mosley, 295 Ala. 394, 318 So.2d 260. `The duty of an electric company in conveying a current of high potential to exercise commensurate care under the circumstances, requires it to insulate its wires and use reasonable care to keep the same insulated, wherever it may reasonably be anticipated that persons, pursuing business or pleasure, may come in contact therewith. In the absence of statute or municipal ordinance, it is not necessary to insulate wires which are so placed that no one could reasonably be expected to come in proximity to them.'
The Supreme Court and intermediate appellate courts of Alabama have uniformly held "the fact that the legal principle contained in [a] charge is an excerpt from one or more of our judicial opinions does not of itself make such excerpt appropriate for instructions to juries." Alabama Power Companyv. Tatum, 293 Ala. 500, 306 So.2d 251, 254 (1975). See alsoHolloway v. Davis, 44 Ala. App. 346, 208 So.2d 794, 798 (1968);Mobile Infirmary v. Eberlein, 270 Ala. 360, 119 So.2d 8 (1960);Hatcher v. Camp, 279 Ala. 475, 187 So.2d 232 (1966); andBritling Cafeteria Co. v. Irwin, 229 Ala. 687, 159 So. 228
(1935). The practice of a court's reciting verbatim portions of an opinion in the court's oral instructions to the jury has generally been condemned by courts across this country.[3] In the instant case APCo did not object to the substance or form of the charge but solely to the fact that the trial court informed the jury that it would read the instruction from the case ofAlabama Power Co. v. Mosley. Appellant argues: "[T]here is no case in Alabama dealing with the specific subject of reading case citations to the jury as part of the trial judge's instructions." In the case of Milligan v. State, 208 Ala. 223,94 So. 169 (1922), this court stated:
 Some principles of law applicable to features of the case were read from digests of the state reports, as well as from the decisions themselves, and were manifestly correct. We can see nothing in this action of the court of which the defendant can complain. The court stated in the oral charge the contention or theory of the state and defendant, respectively, and in this there was no error.
208 Ala. at 227, 94 So. at 172.
Appellant relies on State v. Ahaus, 223 Ind. 629,63 N.E.2d 199 (1945), and State v. Sage, 22 Idaho 489, 126 P. 403 (1912), for its assertion that it is reversible error to cite authorities in the court's oral charge. Neither case supports the appellant. In State v. Sage, supra, where the Idaho trial court submitted written instructions to the jury with authorities cited at the end of each instruction the Supreme Court of Idaho *Page 938 
held that though this procedure was improper, it was not reversible error:
 It is next contended that the court erred in giving certain instructions, by reason of the fact that certain authorities were cited under each of said instructions, and that the citation of such authorities was prejudicial to the right of the defendant, in that such instructions were particularly emphasized by such citations. It is also contended that by such citations the court made the jury the judges of the law as well as of the facts. There is no merit whatever in the latter contention. While it was improper, we cannot say that it was prejudicial error for the court to hand instructions to the jury that contained citations supporting them. We are aware that it is the practice of attorneys, in preparing requested instructions, to cite, for the benefit of the court, authorities upon which they base such instructions. That is proper and right; but, where that is done, such citations ought to be stricken out or detached before the instructions are handed to the jury. No doubt, counsel who prepared such instructions and made said citations concluded that said instructions would be recopied or the citations detached therefrom before they were handed to the jury.
126 P. at 405.
In Ahaus the Supreme Court of Indiana held that citing cases in an instruction is improper but not reversible error: "Although we do not condone the practice of citing cases in an instruction as done here, and are of the opinion that said practice should be condemned, we do not think that this irregularity is of sufficient gravity in this case as to warrant a reversal." 63 N.E.2d at 202.
Although we do not approve of the practice of citing cases in an instruction to the jury, we hold in the instant case that the error complained of was without injury; thus under ARAP 45, the judgment may not be reversed because it does not appear to us that the substantial rights of APCo were prejudiced by the trial court's reference to the case of Alabama Power Co. v.Mosley.
 ISSUE NO. IV
Did the trial court commit reversible error by giving appellee's requested jury instructions numbered 3, 7, 8, 9 and 20 over appellant's objections?
At trial appellant objected to these instructions on the grounds "that these charges do not state correct principles of law, they are misleading, they in effect direct a verdict for the plaintiff many of them [pretermitting] any consideration of contributory negligence or proximate cause." Instructions numbered 3, 7, 8 and 9 were all given under a similar factual situation in Alabama Power Co. v. Mosley, 294 Ala. 394,318 So.2d 260 (1975), as instructions numbered 4, 9, 11 and 13 respectively. This court approved of these instructions as correct principles of law in that case. Mosley, supra,294 Ala. at 402, 318 So.2d 260. Instruction number 20 was approved of as a correct statement of a principle of law in City of Dothan v.Hardy, 237 Ala. 603, 188 So. 264, 267, 122 A.L.R. 637 (1938). An examination of the record also reveals that the trial court was more than thorough in its instruction to the jury on proximate cause and contributory negligence. We find no error in the giving of the requested instructions.
 ISSUE NO. V
Did the trial court err by denying appellant's motion for a mistrial sought on the ground that appellee's attorney allegedly insinuated that the testimony of one of appellant's witnesses, Vance Freeman, was bought?
The record shows that Vance Freeman was questioned by appellee concerning his conversations with Johnny Allen, an employee of APCo, and Vance Freeman admitted that Johnny Allen agreed to buy his lunch and pay for a parking ticket. InNichols v. State, 276 Ala. 209, 160 So.2d 619 (1964), this court held: "[A]nything which tends to show bias, unfriendliness, *Page 939 
enmity or inclines a witness to swear against a party, is admissible." The trial court has discretion to determine whether such facts tending to show bias are to be admitted into evidence, Scroggins v. Alabama State Board of Pharmacy,51 Ala. App. 104, 283 So.2d 178 (Civ.App. 1973); Williams v. State,44 Ala. App. 503, 214 So.2d 712 (1968). The trial court did not err in denying appellant's motion for mistrial.
AFFIRMED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.
[1] Plumbers Local Union # 519 Miami, Florida v. Service PlumbingCompany, Inc., 401 F. Supp. 1008 (S.D.Fla. 1975); Landry v. TwoR. Drilling Co., 511 F.2d 138 (5th Cir. 1975); VolkswagenwerkAktiengesellschaft v. Dreer, 253 F. Supp. 37 (E.D.Pa. 1966);Montellier v. United States, 202 F. Supp. 384 (E.D.N.Y. 1962);Waldrip v. Liberty Mutual Ins. Co., 11 F.R.D. 426 (W.D.La. 1951); Kucharski v. Pope and Talbot, Inc., 4 F.R.D. 208
(S.D.N.Y. 1944); Banking and Trading Corp. Ltd. v.Reconstruction Finance Corp., 15 F.R.D. 360 (S.D.N.Y. 1954).
[2] See Alabama cases cited supra, pages 933, 934.
[3] Cagle v. Atchley, 127 Ga. App. 668, 194 S.E.2d 598 (1972);Hieber v. Watt, 119 Ga. App. 5, 165 S.E.2d 899 (1969); Cozine v.Hawaiian Catamaran Ltd., 49 Haw. 77, 412 P.2d 669 (1966); Stromv. Lipschultz, 5 Ill. App.3d 308, 282 N.E.2d 257 (1972); Noncekv. Ram Tool Corp., 129 Ill. App.2d 320, 264 N.E.2d 440 (1978);Flohr v. Coleman, 245 Md. 254, 225 A.2d 868 (1967); Hovey v.Wagoner, 287 Minn. 546, 177 N.W.2d 796 (1970); Freeze v.Taylor, 257 So.2d 509 (Miss. 1972); Thornburg v. Port ofPortland, 244 Or. 69, 415 P.2d 750 (1966); Lish v. Utah Power Light Co., 27 Utah 2d 90, 493 P.2d 611 (1972); Schutt v.Brockwell, 214 Va. 38, 196 S.E.2d 921 (1973); Turner v. City ofTacoma, 72 Wn.2d 1029, 435 P.2d 927 (1967).