TORBERT, Chief Justice
(dissenting).
I can not agree that the counterdefen-dants waived their right to assert the lack of capacity of the counterplaintiffs.
The majority opinion treats lack of capacity as if it were a defense under A.R.Civ.P. 12(b)(2), (3), (4), or (5), which is waived if not raised in the first responsive pleading or motion, A.R.Civ.P. 12(h)(1). I believe such an approach is inappropriate. The cases cited by the majority, Thomas v. City of Rainsville, 502 So.2d 346 (Ala.1987); Moseley v. Commercial State Bank, 457 So.2d 967 (Ala.1984); Alabama Power Co. v. White, 377 So.2d 930 (Ala.1979); and *703 Gardendale Subaru Motors, Inc. v. Fields, 345 So.2d 1357 (Ala.Civ.App.1976), stand only for the proposition that lack of capacity must be raised before trial. I agree with that proposition, but that does not address the question of at what point before trial lack of capacity must be raised.
I believe the proper rule would be to hold that lack of capacity is waived “if not asserted by motion or responsive pleading, subject, of course, to the liberal amendment policy of Rule 15.” 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1295 (1969); see also Testa v. Janssen, 482 F.Supp. 1195, 1200 n. 3 (W.D.Pa.1980). Alabama has a liberal policy in favor of allowing amendments. A.R.Civ.P. 15(a). McElrath v. Consolidated Pipe & Supply Co., 351 So.2d 560 (Ala.1977).
The trial court obviously did not find that a waiver had occurred, because it dismissed the counterclaim for lack of capacity. I do not believe that the trial court abused its discretion in allowing the motions or amendments raising the issue of lack of capacity.
HOUSTON and STEAGALL, JJ., concur.